ON MOTION TO REMAND FOR A NEW TRIAL
Before McBRIDE, SAMUEL and CHA-SEZ, JJ.
McBRIDE, Judge.
Plaintiffs took a devolutive appeal from the judgment herein dismissing their suit against a contractor and his surety; plaintiffs claim that the contractor had performed defective work under a contract with them and that they are entitled to recover from defendants in solido the sum of $12,035. About two and one-half years after the appeal was taken the transcript of appeal was lodged in this court, the clerk of the trial court certifying:
“ * * * that the record attached hereto is complete
EXCEPT
that no transcript of testimony is included for the reason that the reporter taking *907 the testimony did not transcribe the same and-that he is no longer employed, and that he has left the jurisdiction of the Court. His notes are not available for transcription.”
The appellants’ attorney has moved for a remand of the case so that a new trial de novo may be had in the court below.
A chronology of the pertinent events in the case are: The suit was filed August 25, 1959, and was tried in piecemeal intermittently on seven days over a long period. The judgment dismissing the suit was rendered February 18, 1965 and on April 30, 1965, the instant devolutive appeal was taken and made returnable to this Court on June 21, 1965. The clerk of the trial court made several applications for extensions of the return date because “ * * * have not received testimony from Court Reporter as of this date” and upon each application being filed the return day was extended, the last extension being to'July 21, 1965. The incomplete record of appeal was lodged in this Court August 7, 1967.
Defendants-appellees, in a written “opposition,” strenuously resist appellants’ motion for several enumerated reasons. They say that the trial of the case involved many hearings, much testimony, and the filing of numerous exhibits which include the deposition of plaintiffs’ building expert taken on discovery, and that at this late date it is most improbable that all pertinent testimony and other evidence can be adduced on a retrial; that plaintiffs failed to apply to the trial court for a new trial after the rendition of the judgment; that this is not a case involving the death of the court reporter as the certificate of the clerk merely states that the reporter had left the jurisdiction of the court; that in this day of rapid communication and transportation, something more than a vague certificate of the clerk should appear to warrant a remand for a new trial; that the record is barren of any statement as to when the reporter left, his present whereabouts, and what efforts, if any, were made to communicate with him; that this is not a case where shorthand notes of a reporter were manually taken and can not be transcribed by another person as the witnesses’ testimony in this case was taken by steno-type and there are in existence five of the seven pages of the reporter’s notes which are available, and that unlike shorthand, steno-type notes of one operator can readily be read by another; that there is nothing in the record to show that diligent and timely efforts were made by the appellants or anyone on their behalf to have the steno-type notes transcribed; that the certificate of the clerk of court is incorrect; that appellants are at fault in the matter of the missing testimony because they never complied with their obligation to pay the reporter his fee for transcribing the notes; that the record is devoid of evidence of any attempt by appellants to have the transcript completed; that the delay in the filing of the record of appeal is unreasonable and was due to laches on the part of appellants.
Although not included in their opposition to the motion, the attorney for defendants-appellees advance the contention that the appeal could probably be adjudicated on the plea of estoppel and the exception of no cause or right of action interposed by defendants. It is argued that the testimony of the building expert for plaintiffs taken on discovery supports the plea of estoppel and that the exception, which is said to be valid, could be decided on the face of the pleadings. We perceive no merit in the arguments. It is true that plaintiffs’ building expert did give testimony on discovery and a transcription thereof was introduced in evidence by plaintiffs, but we are also told that the expert testified again as a witness on the trial of the merits of the case on plaintiffs’ behalf. If we were to determine the validity of the plea of estop-pel solely on the discovery testimony we would be deciding the case on only part of the evidence. We think we should have the benefit of all of the testimony when consideration is given the plea of estoppel. Ap-pellees have not pointed out to us wherein *908 plaintiffs’ petition discloses no cause or right of action.
With respect to the contention that appellants should have applied for a new trial after the rendition of judgment, all we can say is that we know of no law which makes it necessary'as a prerequisite to appealing that the aggrieved litigant apply for a new trial.
At this time we do not deem it proper to set aside the judgment appealed from and remand the case for a new trial de novo. In view of our lack of knowledge of the verity of the allegations contained in the opposition to the motion to remand, we think that the appeal should be remanded, but only for the purpose of receiving evidence in order to ascertain what probability there is of supplying the missing transcription of the testimony and the cause of the tardy filing of the record of appeal. We are authorized to render any judgment which is just, legal and proper upon the record and this authority is broad enough to encompass such a remand. C.C.P. art. 2164 and official note (c) thereunder.
Therefore, consideration of appellants’ motion to remand is held in abeyance and the record of appeal is now remanded to the trial court which is ordered, within 30 days of the receipt of the record by the clerk of the trial court from the clerk of this court, to set the matter down for a hearing at which the judge shall hear whatever evidence the parties to the appeal see fit to adduce concerning the circumstances surrounding the absence of the transcription of testimony and particularly whether the reporter is permanently absent from the jurisdiction of the court, and whether he can be persuaded to transcribe his notes of the testimony taken on the various trial dates; evidence is also to be received on the point whether any available sten'o-type notes may be transcribed by a person other than the reporter making them; evidence is also to be adduced on the question whether the appellants or their attorney are at fault for the incompleteness of the transcript and the tardy filing of the record in this court and also whether the reporter ever presented his bill for transcribing the testimony to appellants and, if so, whether they refused or neglected to pay same.
After receiving such evidence the trial court is ordered to have same transcribed and included in the transcript without delay and to forthwith return the record to his Court for further consideration of appellants’ motion to remand for a new trial.
It is ordered that the appellant shall pay for the taking of the testimony on this remand, the amount paid to be considered as part of the cost of the transcript.
Remanded.