YARRUT, Judge.
Defendant-Appellees filed a motion to dismiss this appeal, alleging Appellants have been dilatory in lodging the record in this Court, and, consequently, have abandoned their appeal.
This motion must be discussed in the light of the history of this entire proceeding. In 1959 Plaintiffs filed suit against a contractor and his surety. After a protracted trial on the merits, heard piecemeal over a long period, Plaintiffs’ suit was dismissed. They appealed. When the record was lodged in this Court, a notation therein appeared stating the testimony adduced on the trial was not included because the Court Reporter responsible for transcribing it had disappeared from the jurisdiction of the District Court for the Parish of Jefferson, without first transcribing the testimony.
Plaintiffs then requested this Court to remand the matter for a trial de novo. Defendants opposed this motion on the ground that an undue hardship would be imposed on them were they required to defend the same suit again. In an opinion rendered October 16, 1967, 203 So.2d 906, we stated consideration of the motion for a new trial would be held in abeyance until it was ascertained whether the missing transcript could be supplied. We instructed the litigants to adduce evidence concerning Plaintiffs’ responsibility, if any, for the delay in transcribing the testimony, as well as the probability of supplying the missing transcript. After outlining what evidence we would consider pertinent in determining whether we would grant a new trial, we ordered the Trial Court to promptly hear such evidence, transcribe same and return the transcript to this Court without delay.
The testimony, taken pursuant to our order, was heard March 1, 1968; apparently it was transcribed shortly thereafter because the record indicates the completed testimony was filed March 19, 1968. The transcript, however, was not returned to this Court until March 6, 1969.
Defendants blame Plaintiffs for this delay, asserting they are guilty of laches, which warrants dismissal of their appeal. We find no merit in this argument. There is no evidence in the record indicating Plaintiffs were responsible for the delay. In the absence of this, we are compelled to deny this motion. LSA-C.C.P. Art. 2127 clearly places the responsibility of prepar *549 ing the record for appeal and lodging the appeal on the Clerk of the Trial Court. Appellants cannot be penalized for the Clerk’s delay. This is apparent from the quoted part of the Article:
“The clerk of the trial court shall have the duty of preparing the record on appeal. He shall cause it to be lodged with the appellate court * * *. Failure of the clerk to prepare and lodge the record on appeal either timely or correctly shall not prejudice the appeal.”
For these reasons, the motion to dismiss is denied.
Motion denied.