DOMENGEAUX, Judge.
We first considered the present motion to remand for a new trial in the reported case of Grosch v. De Bautte, 203 So.2d 906, wherein we did not deem it appropriate to remand for a trial de novo at that time, but rather we held said motion in abeyance pending our remand to the lower court for the limited purpose of receiving evidence to ascertain what probability there was of obtaining the missing transcript of the testimony taken at the trial, and the cause of the tardy filing of the record of appeal, and all circumstances attendant thereto, all of which is set out in our aforementioned ruling.
Pursuant to our mandate, the lower court heard testimony in connection therewith on March 1, 1968 and the record shows that the completed testimony was filed March 18, 1968 in the lower court[1], however same was not returned to this court until March 6, 1969. During the interim, defendants-appellees filed a motion to dismiss this appeal, alleging primarily that the appellants had been dilatory in lodging the original record in this court, asserting said parties to be guilty of laches. This latter motion to dismiss was also considered by this court, having the benefit of the transcript of evidence taken by the court below on March 1, 1968. At that time, as shown by our ruling in Grosch v. De Bautte, 222 So.2d 548, we found no evidence indicating delays which could be attributed to plaintiffs-appellants, nor to their attorney, and we concluded that the doctrine of laches was not applicable and denied the motion to dismiss.
The chronology of the pertinent events in this litigation and the history of these proceedings are set out in the body of our rulings in the above cited two reported cases, and a repetition herein of these events and history would be redundant.
A review of the evidence taken pursuant to our order shows that the court reporter who acted during the protracted trial of this case on the merits has left the State of Louisiana without having transcribed said testimony, and his stenotypic notes are in such a state of dishevelment, inaccuracy and incompleteness that efforts made by other court reporters to transcribe them were of no avail. We are satisfied that the transcript cannot be made up accurately, if at all. Such being the case we find ourselves .with a judgment from the lower court in favor of plaintiff and against the defendants with the record containing only certain exhibits and one deposition and devoid of the testimony of other witnesses who testified at the trial. Obviously under this set of facts we have little before us to ascertain the correctness or incorrectness of the lower court judgment, particularly when the trial judge rendered no reasons for judgment. Consequently we feel constrained to remand this case to the lower court, not for the purpose of trial de novo, but for the purpose of taking the testimony of witnesses in order to complete the record so that ultimately we may be in a position to adequately rule on this appeal.
We find authority for our ruling herein under the provisions of LSA-C.C.P. art. 2164 and official note (c) thereunder.
In coming to this conclusion we readily admit that there are equities on both sides of the fence and we dislike placing defendants-appellees in the position of having to retry a portion of this case, but on the *694 other hand plaintiffs-appellants are entitled to a review of judgment, and the unfortunate sequence of events in connection with this appeal cannot be attributed to their fault or the fault of their attorney.
Therefore, it is now ordered that the record of appeal be and the same is hereby remanded to the trial court for the purpose of completing said record by taking and having transcribed the testimony of witnesses in connection with the merits of this case, after which time the completed record is to be returned to this court for final consideration of this appeal. The allotment of this case, the setting for trial, and the taking of the testimony as ordered herein, is to be in accordance with the rules of the trial court governing such matters.
It is further ordered that the appellants shall pay for the taking of the additional testimony on this limited remand, the amount paid to be considered as part of the costs of the transcript.
Remanded.

. Erroneously reported March 19, 1968 in 222 So.2d 548.