ON MOTION TO REMAND
MILLER, Judge.
Plaintiff appellant W. B. McCartney Oil Company, Inc. filed a motion to remand this suit to the District Court to retake certain testimony. The motion is unopposed. We remand.
McCartney alleges in its Motion to Remand that, at trial of this case, unbeknown to counsel and to the court reporter, the recording device was not properly functioning. Certain indispensable testimony is unavailable for transcription. McCartney attaches to its motion the sworn affidavit of the court reporter reciting that because of a mechanical malfunction in the recording device, a portion of several witnesses’ testimony was not recorded, including:
“1. Eleven minutes of the testimony of W. B. McCartney both on direct and cross-examination.
“2. One-half minute of the testimony of Doug Robinson, on direct examination.
“3. Fifteen and one-half minutes of the testimony of Gerald Sanson, both on direct and cross-examination, and the direct examination of O. C. Stevens.
“4. One and one-half minutes of the testimony of Bill Allen, on cross-examination.”
The affidavit further states that it was not until the court reporter attempted to transcribe the testimony that the failure of the recording device became known to either the court reporter or to the parties. The court reporter also states that because of the malfunction of the recorder she will not be able to transcribe the above testimony.
In Neal v. Neal, 268 So.2d 723 (La.App. 3rd Cir., 1972) an identical situation was presented. This court remanded the case to the lower court for the retaking of testimony. LSA-C.C.P. art. 2164, and official note (c) thereunder. The ruling in the Neal case, supra., is applicable to this case. See also LSA-C.C.P. 2132 and Grosch v. DeBautte, 228 So.2d 692 (La.App. 4th Cir., 1969).
This case is remanded for retaking that portion of the testimony of those parties which is unavailable due to the malfunction of the recorder. The assessment of costs will await a final determination of this litigation.
Remanded.