298 So.2d 895 (1974)
Thurman MIDDLETON, Plaintiff-Appellee,
v.
Orel PLEASANT, Defendant-Third Party Plaintiff, Plaintiff in Reconvention and Appellant, and
Mid-State Homes, Inc., Third Party Defendant, Plaintiff in Reconvention and Appellant.
No. 4721.
Court of Appeal of Louisiana, Third Circuit.
August 12, 1974.
Jones, Kimball, Patin, Harper, Tete & Wetherill by Carl H. Hanchey, Lake Charles, for defendant-appellant.
Watson, Murchison, Crews & Arthur by Daniel T. Murchison, Sam J. Friedman, Natchitoches, for plaintiff-appellee.
Before FRUGÉ, HOOD and WATSON, JJ.

ON MOTION TO REMAND
HOOD, Judge.
Mid-State Homes, Inc., third party defendant-appellant, moves to remand this unlodged appeal to the trial court for the purpose of having the testimony in this case retaken, and to have the trial judge pass upon its reconventional demand. The motion is unopposed.
According to the allegations contained in the motion, Thurman Middleton instituted this petitory action against Orel Pleasant, seeking a judgment decreeing him to be the owner of immovable property in Natchitoches Parish. He bases his title on a quit claim deed which he obtained from Robert L. Miller, who allegedly purchased the property at a 1964 tax sale for unpaid 1963 state and parish taxes assessed in the name of Mid-State Homes, Inc. Defendant Pleasant, who claims ownership by virtue of an alleged warranty deed from Mid-State Homes, Inc., filed a third party *896 demand against Mid-State Homes, calling it in warranty and demanding judgment against it for the value of the improvements on the property in the event of eviction. Mid-State Homes denied liability to Pleasant, but joined him in a reconventional demand against plaintiff Middleton and in an action against Robert L. Miller seeking to have the 1964 tax sale decreed to be null and void.
Judgment was rendered on October 11, 1973, in favor of plaintiff Middleton, and against defendant Pleasant, on the main demand, recognizing plaintiff as the owner of the subject property. Judgment also was rendered on the third party demand in favor of Pleasant and against Mid-State Homes for the sum of $6,636.00, with legal interest thereon from date of judicial demand until paid, and for all costs of the proceedings. Mover alleges that no disposition was made by the trial court of the demands filed by it and defendant Pleasant against Middleton and Miller.
Mid-State Homes and Orel Pleasant have appealed. The appeals were made returnable on December 20, 1973, but the return date has been extended from time to time, and the record has not as yet been lodged in this court.
Mover attaches to this motion to remand a certified copy of an affidavit of Irby L. Knotts, Jr., Clerk of the Tenth Judicial District Court, Parish of Natchitoches. In that affidavit, Knotts states that the testimony in this case cannot be transcribed by the court reporter because the tape or recording of the testimony has been lost. Also attached to this motion is a certified copy of an affidavit signed by the court reporter, Juanita Womack, in which she states that she does not recall taking down the testimony in this case, but that if she did record it, the record of the testimony inadvertently has been lost and cannot be found for transcription.
Mover alleges that the parties to this proceeding have been unable to agree on a stipulation of facts for submission to this court in lieu of the transcript of testimony, and it requests that the case be remanded to the trial court for the purpose of retaking the testimony.
We have decided that under the circumstances presented here the case should be remanded to the trial court for the purpose of retaking the testimony of the witnesses. LSA-C.C.P. art. 2132; W. B. McCartney Oil Company, Inc. v. Renfrow, 284 So.2d 96 (La.App. 3 Cir. 1973); Neal v. Neal, 268 So.2d 723 (La.App. 3 Cir. 1972); Grosch v. De Bautte, 228 So.2d 692 (La. App. 4 Cir. 1969). The case is not being sent back for a trial de novo and no further judgment is to be rendered by the trial judge. It is remanded solely for the purpose of retaking the testimony of witnesses who testified originally, so that the record can be completed and we will be able to consider and determine the issues presented on this appeal.
We deny mover's request that the case be remanded for the additional purpose of permitting the trial judge to amend or supplement its original judgment by determining the issues presented in the reconventional demand or third party action filed by appellants. Such a request can be made and considered after the record has been completed and lodged in this court.
For the reasons assigned, the case is remanded to the trial court for the purpose of retaking the testimony of the witnesses. The costs incurred in this proceeding will be assessed after the case has been argued and submitted for decision.
Remanded.