MOTION TO REMAND
HOOD, Judge.
The plaintiffs-appellants, Harold Loewer and Louisiana Implement Company, move to remand their unlodged appeal from the 13th Judicial District Court for the purpose of retaking the testimony of certain witnesses whose testimony was not transcribed due to a malfunction in the Court Reporter’s recording device. The motion is unopposed. We remand.
The pertinent facts are as follows: the plaintiffs-appellants perfected an appeal from an adverse judgment of the 10th Judicial District Court, which appeal was made returnable October 6, 1975. After the appellants perfected their appeal they learned from the Court Reporter that parts of the testimony of certain witnesses at the trial were not recorded, particularly that of the defendant Clyde P. Vanderhi-der, and also a portion of the testimony of Mr. William Bufkin, a plaintiff’s witness.
Article 2132 of the Code of Civil Procedure provides as follows:
“A record on appeal which is incorrect or contains misstatements, irregularities or informalities, or which omits a material part of the trial record, may be corrected even after the record is transmitted to the appellate court, by the parties by stipulation, by the trial court or by the order of the appellate court. All other questions as to the content and form of the record shall be presented to the appellate court.” (Emphasis added)
We believe that under the clear wording of this statute the appellants are entitled to the relief sought here. This court has held, on several occasions, that when, due to mechanical failure, all or part of the testimony is unable to be transcribed, the parties are entitled to a remand for the purpose of re-taking this testimony. Kay v. Home Idemnity Company, 301 So.2d 705 (La.App.3rd Cir. 1974); Middleton v. Pleasant, 298 So.2d 895 (La.App.3rd Cir. *316 1974); Neal v. Neal, 268 So.2d 723 (La.App.3rd Cir. 1972).
For the reasons assigned, the case is remanded to the trial court for the limited purpose of re-taking the testimony of certain witnesses whose testimony was not recorded during the trial due to a mechanical failure.
Appeal remanded.