MOTION TO REMAND
MILLER, Judge.
Plaintiffs-appellees-appellants, David T. Shively and Deanna Boudoin Shively, move to remand the above captioned unlodged appeal to the 28th Judicial District Court for the purpose of retaking the testimony in *1072 this matter, as the original testimony cannot be transcribed due to a malfunction in the court reporter’s recording device at the time of the trial.
Judgment was rendered on September 22, 1975. Prom this judgment both plaintiffs and defendants perfected appeals to this court. After defendants and plaintiffs perfected their appeals, plaintiffs received a letter from the court reporter dated July 2, 1976, informing them that, because of the quality of the recording belts, he could not transcribe the testimony.
On July 12, 1976, plaintiffs-appellees-ap-pellants filed a Motion to Remand with this court seeking a remand to the trial court for the purpose of retaking the testimony.
“A record on appeal which is incorrect or contains misstatements, irregularities or informalities, or which omits a material part of the trial record, may be corrected even after the record is transmitted to the appellate court, by the parties by stipulation, by the trial court or by the order of the appellate court. All other questions as to the content and form of the record shall be presented to the appellate court.” (Emphasis added) LSA-C. C.P. art. 2132.
Plaintiffs are entitled to the requested relief. When, due to mechanical failure, all or part of the testimony is unable to be transcribed, the parties are entitled to a remand for the purpose of retaking this testimony. Loewer v. Vanderhider, 320 So.2d 315 (La.App. 3 Cir. 1975); Kay v. Home Indemnity Company, 301 So.2d 705 (La.App. 3 Cir. 1974); Middleton v. Pleasant, 298 So.2d 895 (La.App. 3 Cir. 1974); Neal v. Neal, 268 So.2d 723 (La.App. 3 Cir. 1972).
The case is remanded to the trial court for the limited purpose of retaking the testimony in this suit.
APPEAL REMANDED.