CHEHARDY, Judge.
We dismiss this appeal. Uniform Rules— Courts of Appeal Rule 7, Section 5 authorizes us to dismiss an appeal in which one year has passed without any steps having been taken to further its prosecution.
The judgment from which this appeal was taken was signed October 30, 1973 and an order of appeal was signed and an appeal bond posted within the time then allowed by law to perfect a devolutive appeal. On March 2,1977 this court denied a motion to dismiss the appeal although it had not been lodged in this court more than three years after the bond was posted because we found the clerk’s failure to lodge the record was an oversight not attributable to appellant.
More than two years elapsed after we maintained the appellant’s right to appeal and she took no steps to further its prosecution. When the 1977 order was signed by us, appellant could have attempted to have a written statement of facts stipulated correct by opposing counsel to be used by us in reviewing the case as permitted by C.C.P. art. 2132. Or, if this failed, she could have filed a motion in this court to remand the case to have additional evidence taken since the original transcript cannot be transcribed. Middleton v. Pleasant, 298 So.2d 895 (La.App. 3d Cir. 1974).
In any event, appellees filed a second motion to dismiss under the cited rule on September 24, 1979, which prompted us to issue a rule citing appellant to show cause why her appeal should not be dismissed.
Appellant responded by pointing out the failure to lodge the record was not attributable to her and the Court of Appeal has discretion to permit her to complete the record by stipulations of fact or remand for additional testimony. We point out here that our 1977 decision maintaining the appeal gave her the opportunity to complete the record. If the transcript of the trial testimony was unavailable, plaintiff then could have filed a motion in this court to have the matter remanded for the taking of testimony or could have tried for a stipulation of fact from all counsel. More than two years passed and nothing was done. The numerous citations [1] furnished by appellant in support of her current motions for relief would have applied to her situation the first time she was cited to show cause why her case should not be dismissed. C.C.P. art. 2161 states appeals should not be dismissed for an error or irregularity not attributable to the appellant and the cited jurisprudence carries out this policy. However, the 1977 decision of this court maintaining the appeal obligated the appellant to take whatever step was necessary to complete her record. That omission is attributable to the appellant.
For the reasons assigned, the appeal is dismissed.
APPEAL DISMISSED.

. Willis v. Gulf Bldg. Services of Baton Rouge, 372 So.2d 635 (La.App. 1st Cir. 1979); Shively v. Pickens, 336 So.2d 1071 (La.App. 3d Cir. 1976); Loewer v. Vanderhider, 320 So.2d 315 (La.App. 3d Cir. 1975); Middleton v. Pleasant, 298 So.2d 895 (La.App. 3d Cir. 1974); W. B. McCartney Oil Company, Inc. v. Renfrow, 284 So.2d 96 (La.App. 3d Cir. 1973).