FORET, Judge.
MOTION TO REMAND
The defendant-appellant, Nelson Dodge, Inc., moves to remand the above captioned appeal to the City Court of Lake Charles for the purpose of retaking the testimony in this matter, as the original testimony has been erased.
*189 The pertinent facts are as follows: Judgment was rendered in this matter on February 7,1980. From this judgment defendant has appealed. After the defendant’s appeal was lodged, it was informed by the Clerk of the Lake Charles City Court that the testimony of the witnesses was inadvertently erased.
The appellant then filed this Motion to Remand for the purpose of retaking the testimony.
Article 2132 of the Code of Civil Procedure provides as follows:
“A record on appeal which is incorrect or contains misstatements, irregularities or informalities, or which omits a material part of the trial record, may be corrected even after the record is transmitted to the appellate court, by the parties by stipulation, by the trial court or by the order of the appellate court. All other questions as to the content and form of the record shall be presented to the appellate court.” (Emphasis added).
We believe that under the clear wording of this statute the defendant-appellant are entitled to the relief sought here. This court has held, on several occasions, that when all or part of the testimony is unable to be transcribed, the parties are entitled to a remand for the purpose of retaking this testimony. Willis v. Gulf Building Services of Baton Rouge, 372 So.2d 635 (La.App. 1st Cir., 1979); Shively v. Pickens, 336 So.2d 1071 (La.App. 3rd Cir., 1976); Loewer v. Vanderhider, 320 So.2d 315 (La.App. 3rd Cir., 1975); Kay v. Home Indemnity Company, 301 So.2d 705 (La.App. 3rd Cir., 1974); Middleton v. Pleasant, 298 So.2d 895 (La. App. 3rd Cir., 1974); Neal v. Neal, 268 So.2d 723 (La.App. 3rd Cir., 1972).
For the reasons assigned, the case is remanded to the trial court for the limited purpose of retaking the testimony in this suit.
APPEAL REMANDED.