562 So.2d 1137 (1990)
Maria Carmen PALAZZO
v.
Alan Jason COE.
No. 90-CA-0151.
Court of Appeal of Louisiana, Fourth Circuit.
May 31, 1990.
Bennett Wolff, Kevin M. Thompson, Wolff, Morris & Thompson, New Orleans, for Alan Jason Coe.
John Y. Kennedy, Kennedy & Levith, PLC, Metairie, for Maria Carmen Palazzo.
Before LOBRANO, WARD and ARMSTRONG, JJ.
WARD, Judge.
In this child custody dispute between a former husband and wife, Dr. Carmen Palazzo seeks the reversal of a lower court judgment denying her request for a change in custody of one minor son, Jason Coe. At the trial of the custody issues, after hearing the testimony of the court appointed psychologist, Dr. Swery, and Jason's psychiatrist, Dr. Rubin, the Trial Court concluded that a personality conflict existed between Jason and his mother, Dr. Carmen Palazzo, and on March 7, 1988 the Court rendered judgment giving Dr. Alan Coe custody of one minor son, Jason Allen Coe, Jr. and Dr. Palazzo custody of the other, David Michael Coe.
Dr. Palazzo did not appeal the custody award of Jason to his father. Instead, less than one month after the March 7, 1988 judgment was rendered, Dr. Palazzo filed a motion seeking a temporary change of custody. The trial court refused Dr. Palazzo's request for an ex parte change of custody. Dr. Palazzo then filed a supplemental petition for a temporary restraining order and rule nisi for a protective order. The trial court again denied Dr. Palazzo's request for relief.
The March 7th judgment contained a provision requiring the parties to submit any custody or visitation dispute to mediation prior to instituting any action to modify the judgment. On July 8, 1988, Dr. Palazzo filed a motion for mediation. The parties were unable to resolve their differences and Dr. Palazzo filed the instant rule seeking *1138 a change in custody so that she would have sole custody of Jason.
The Trial Court denied Dr. Palazzo's request to modify custody stating that she failed to meet both the material change of circumstances and the heavy burden of proof requirements, approved by the Supreme Court in Bergeron v. Bergeron, 492 So.2d 1193 (La.1986).
In Bergeron, supra, the Supreme Court reconsidered five jurisprudential precepts developed by Louisiana Courts. The Supreme Court said:
In interpreting and applying Article 157, in cases involving both the initial granting of custody and the modification of custody decrees, the courts developed several jurisprudential precepts: (1) The best interest of the children principle (the paramount consideration in determining to whom custody should be granted is always the welfare of the children); (2) The maternal preference rule (generally, it is in the best interests of the children to grant custody to the mother, unless she is morally unfit or otherwise unsuitable); (3) The change of circumstances rule (discussed above); (4) The heavy burden of proof for modification of custody rule (when the trial court has made a considered decree of permanent custody, the party seeking the change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the children as to justify removing them from the environment to which they are accustomed); (5) The appellate review standard (upon appellate review, the determination of the trial judge in child custody matters is entitled to great weight, and his discretion will not be disturbed on review in the absence of a clear showing of abuse.) Estes v. Estes, supra, and jurisprudence therein cited; Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971) and jurisprudence therein cited.
After concluding the Legislature changed the maternal preference rule to a gender neutral one, the Supreme Court reaffirmed the remaining four precepts.
Regarding the change of circumstances rule, the Bergeron court stated:
The reasons for the rule are that it is desirable that there be an end of litigation and undesirable to change the child's established mode of living except for imperative reasons. Estes v. Estes, 261 La. 20, 258 So.2d 857 (1972); Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971).
* * * * * *
Moreover, to require a party to show a change in circumstances materially affecting the child's welfare before contesting an award of custody, that he previously has had a full and fair opportunity to litigate, protects his adversary and the child from the vexation and expense attending multiple unjustified lawsuits, conserves judicial resources, and fosters reliance on judicial actions by minimizing the possibility of inconsistent decisions. 492 So.2d at 1195.
In approving the heavy burden of proof rule the Supreme Court in Bergeron noted the continual harm which may result from the encouragement of litigation and continued parental conflict.
A heavy burden of proof in custody modification cases is justified for several reasons. In the usual civil case a mistaken judgment for the plaintiff is no worse than a mistaken judgment for the defendant. However, this is not the case in an action to change a permanent award of custody. The available empirical research data and psychiatric opinions indicate a need for strict standards that set clear boundaries for modification actions. There is evidence that more harm is done to children by custody litigation, custody changes, and inter-parental conflict, than by such factors as the custodial parent's post divorce amours, remarriage, and residential changes, which more often precipitate custody battles under liberal custody modification rules than conduct that is obviously harmful to the child, such as abuse or serious neglect, which justifies intervention to protect the child under the court's civil or juvenile jurisdiction.
*1139 When considering the burden of proof, with the best interest of the child rule the Supreme Court in Bergeron explained that the best interest of the child means more than a change in circumstances which were deleterious to the child; it means a change in circumstances that shows even though harm is likely to be caused by a change in custody it is substantially outweighed by advantages to the child.
When a trial court has made a considered decree of permanent custody the party seeking a change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be cause by a change of environment is substantially outweighed by its advantages to the child. See Bankston v. Bankston, 355 So.2d 58 (La.App. 2d Cir.1978); Languirand v. Languirand, 350 So.2d 973 (La.App. 2d Cir.1977). Cf. Unif. Marriage and Divorce Act, 9A U.L.A. § 409 (1979).
Dr. Palazzo contends that a change of circumstance has taken place. Dr. Palazzo first argues that there never was a personality conflict between Jason and herself, but if there was a conflict, it is now resolved. Thus she contends, there is a change of circumstances which demands a change in custody.
The Trial Court when deciding the custody issue relied upon the testimony of Dr. Swery, a psychologist appointed by the Court, and Dr. Rubin, a psychiatrist. Unfortunately the appeal record does not contain the prior testimony of either Dr. Swery or Dr. Rubin. More than likely, because Dr. Palazzo did not appeal, the testimony was not transcribed, and may be unavailable at this time. While Dr. Palazzo's failure to appeal may explain the absence of the testimony, without the prior testimony we are unable to render an opinion as to whether Dr. Palazzo did in fact carry the heavy burden of proof to show a change in circumstances.
Bergeron demands we give great deference to the Trial Court, which patiently heard the testimony, and rendered a considered ruling. We are, nonetheless, concerned about an award which gives custody of one minor son, age 8, to one parent and custody of another, age 6, to another parent. On its face, it is unusual to say the least, and separating children in early childhood is not ordinarily in the best interest of either child.
We, therefore, believe it is in the interest of justice that we remand this matter to the Trial Court to supplement the record with the testimony of Dr. Swery and Dr. Rubin. La. C.C.P. art. 2132 and art. 2164. Because child custody is always subject to change, there are no res judicata considerations to prevent a remand. Heymann v. Lewis, 414 So.2d 787 (La. 3rd Cir.1979). While protracted litigation is undesirable, in this instance we also hold that in the event that testimony is not available, then Dr. Swery and Dr. Rubin must again testify or other evidence must be offered to support an order of separate custody for each son. Grosch v. De Bautte, 228 So.2d 692 (La. 3rd Cir.1969).
For these reasons, we order this case remanded to the Trial Court to supplement the record or further proceedings.
REMANDED.