207 So.2d 880 (1968)
Lynn J. WEBRE, d/b/a Webre Steel Company
v.
Meredith G. HEARD.
No. 7288.
Court of Appeal of Louisiana, First Circuit.
March 4, 1968.
*881 Atkins, Copenhaver & Russell, Baton Rouge, for appellant.
Warren L. Mengis, of Mengis & Durant, Baton Rouge, for appellee.
Before LANDRY, REID and BAILES, JJ.
LANDRY, Judge.
Defendant, Meredith G. Heard, takes this appeal from the judgment of the trial court in favor of plaintiff Lynn J. Webre, d/b/a Webre Steel Company (Webre), in the sum of $177.19, the cost of certain goods sold defendant on open account.
Upon review of the record before us, we find the instant appeal must be dismissed inasmuch as the record contains no transcript of testimony, no agreed statement of facts entered into between opposing counsel and no narrative of facts by the trial court.
Appellant's brief in behalf of this appeal consists solely of a plea for a remand to the trial court for the purpose of incorporating into the record the notes of evidence allegedly taken by the trial court in lieu of a transcript of testimony pursuant to a reputed stipulation between counsel made to that effect in open court. No such stipulation appears of record herein, either in the minutes of the court or otherwise.
With the record in this state, we herein exercised our supervisory jurisdiction in the form of an alternative writ of mandamus ordering the lower court to either file the note of evidence purportedly made in lieu of a transcript, or show cause to the contrary. In compliance therewith, the trial court has responded to the effect that no such stipulation was made during the course of the trial below; that the lower court was not requested and did not agree to supply a factual narration in lieu of transcribed testimony and that no such agreement or stipulation appears in the court's minutes. In further response to our writ, the trial court gratuitously furnished a narration of facts as he recalled it from memory. Under the circumstances, however, we cannot consider this narration in lieu of a transcript of testimony. It is settled jurisprudence that where there is no written transcript of testimony, the burden rests on appellant to comply with the provisions of LSA-C.C.P. Articles 2130 and 2131 and furnish, as part of the record on appeal, either an agreed stipulation of fact entered into between counsel, or, in the event of the failure of counsel to agree, *882 a narrative of facts by the trial court. Williamson v. Enterprise Brick Co., 190 La. 415, 182 So. 556.
Since the answer of the trial court to our alternative writ shows beyond doubt that appellant has failed to comply with the applicable articles, there is nothing to consider on this appeal which must therefore be dismissed. It is not the duty of the trial court to furnish a narrative of facts until or unless formally requested to do so by appellant who must first demonstrate the inability of counsel to agree upon such a statement as required by LSA-C.C.P. Articles 2130 and 2131.
Consequently, the alternative writ of mandamus herein issued to the Honorable Lewis S. Doherty, Jr., Judge, Nineteenth Judicial District Court, East Baton Rouge Parish, shall be and the same is hereby annulled, vacated, recalled and set aside and this appeal dismissed at the cost of appellant, Meredith G. Heard.
Appeal dismissed.