STOULIG, Judge.
Plaintiff brought this action to recover for his personal injuries and property damage sustained in an automobile accident. Named as defendants were the driver of the other car, Mitchell Walker, his employer, Louisiana Citrus Lands, Inc., and its insurer, The American Insurance Company. A petition of intervention was filed by Liberty Mutual Insurance Company, the compensation carrier of plaintiff’s employer, Freeport Sulphur Company, for the medical payments and compensation benefits paid under its contract of insurance. Defendant Walker reconvened against the plaintiff for his property damage and personal injuries. Also appearing as an inter-venor, the Fireman’s Fund Insurance Company sought to be reimbursed for the medical expenses and compensation paid to the defendant Mitchell Walker under its policy of workmen’s compensation insurance with Louisiana Citrus Lands, Inc. Lastly, American Insurance Company and Louisiana Citrus Lands, Inc., lodged a third party demand against Mitchell Walker for full indemnity of all amounts for which they may be cast in judgment. After a trial on the merits, the lower court adjudged both drivers, plaintiff and defendant, guilty of concurrent negligence and dismissed all of the proceedings before it.
Only the plaintiff and intervenor Liberty Mutual Insurance Company have appealed from the judgment of the lower court. Since no appeal has been lodged or answer to the plaintiff’s appeal filed on behalf of the remaining litigants, the lower court judgment rejecting their respective claims is final and no longer subject to appellate review.
Mr. Louis J. Roussel in his capacity as liquidator of Louisiana Citrus Lands, Inc., was substituted as a party defendant in this appeal.
Briefly, the undisputed facts of this matter may be summarized as follows: Plaintiff was proceeding in a northerly direction, at approximately 50 miles per hour, on Louisiana Highway 23, a two-lane roadway, in the Parish of Plaquemines. Defendant’s car, which was traveling in the opposite direction, made a left turn across the northbound traffic lane onto the eastern shoulder of the highway, a gravelled area. A collision between the two vehicles ensued, giving rise to the present litigation.
The only significant factual detail in controversy is the distance of the plaintiff’s car from the point of impact at the moment the defendant initiated his left turn. The trial court in its reasons for judgment found that the Aube car was 300 to 500 feet away when the defendant’s automobile turned left into the adjoining lane. It reasoned that despite the application of his brakes plaintiff failed to keep his vehicle under control and struck the other car while it was on the “west” [sic] side of the highway. Counsel for plaintiff submits that the testimony establishes his client was 100 to 150 feet away when the defendant began his turning movement and that the immediate application of his brakes caused the Aube vehicle to pull to the right off of the roadway, striking the Walker car.
Plaintiff urges as the bases of his appeal that the trial court erred in two respects: (1) in failing to comply with the provisions of LSA-C.C.P. art. 2131; and (2) in holding that the plaintiff was guilty of contributory negligence.
At the time of the trial of this matter, the Twenty-Fifth Judicial District Court in and for the Parish of Plaquemines was without the services of an official court reporter. Counsel were aware that it was their responsibility to arrange for a court reporter to be present if they desired the proceedings to be reduced to writing. Unfortunately, no such arrangement was made, so the original trial was not reported, and, therefore, no transcript of this proceeding is available for our review. Although the testimony of Isaac Jimcoily was reported in a subsequent reopening of the case, it has never been transcribed due to the inability of counsel to locate the court reporter. The net result is that we *657 do not have the benefit of any testimonial evidence in this appeal.
Aggrieved by the judgment of the lower court and confronted with this unusual situation, plaintiff resorted to LSA-C.C.P. art. 2131 in an attempt to reconstruct the testimony of the various witnesses by an agreed narration of facts. To this end, plaintiff, prior to lodging the record in this court, filed a narrative of facts. In the same instrument he cited opposing counsel to either join in the narration or, in the event they did not concur, to submit an alternate version.
Intervenor Liberty Mutual Insurance Company, whose interests coincided with those of the plaintiff, concurred in the statement of facts filed on behalf of the petitioner. Defendants, The American Insurance Company and Louisiana Citrus Lands, Inc., by reference, adopted as their declaration of facts those set forth in the reasons for judgment by the trial judge. In addition, they did concur in plaintiff’s résumé of his injuries, treatment and recovery. No response was filed by defendant Mitchell Walker.
It is apparent from a mere reading of plaintiff’s narrative of facts and those set forth in the reasons for judgment that a serious conflict exists, the resolution of which will be decisive of the issue of plaintiff’s contributory negligence, one basis of his appeal. More precisely, plaintiff states he was 100 to 150 feet away when Walker commenced his left turn, at which point he applied his brakes “but did not make any effort to turn right or left with his steering wheel.” He further states that the application of the brakes caused his automobile to veer to the right off of the highway, thus striking the Walker vehicle. However, as has been noted, the trial court in its reasons for judgment found that the plaintiff’s car was 300 to 500 feet from the point of impact when the turning movement was instituted. It concluded that the plaintiff had ample opportunity to bring his car under control and his failure to do so constituted negligence which efficiently contributed toward the occurrence of the accident.
In the absence of a transcript of testimony, the pertinent procedural article for appellate purposes is LSA-C.C.P. art. 2131, which provides:
“If the testimony of the witnesses has not been taken down in writing the appellant must request the other parties to join with him in a written and signed narrative of the facts, and in cases of disagreement as to this narrative or of refusal to join in it, at any time prior to the lodging of the record in the appellate court, the judge shall make a written narrative of the facts, which shall be conclusive.”
The appellant maintains that in failing to comply with this article the trial judge committed reversible error. A review of the record does not sustain this contention.
As required by this codal article, the plaintiff filed a written narrative of facts in the record and called upon opposing counsel to either concur or submit their version. The response of defendants in adopting the trial judge’s fact findings clearly indicated that the parties could not mutually agree on a statement of the facts. With the advent of this irreconcilable conflict in factual declaration, it, then, became incumbent upon the appellant to request a written narrative of the facts from the trial judge in accordance with LSA-C.C.P. art. 2131. In the case of Webre v. Heard, 207 So.2d 880 (La.App. 1st Cir. 1968), the court stated at pages 881 and 882:
“ * * * It is settled jurisprudence that where there is no written transcript of testimony, the burden rests on appellant to comply with the provisions of LSA-C.C.P. Articles 2130 and 2131 and furnish, as part of the record on appeal, either an agreed stipulation of fact entered into between counsel, or, in the event of the failure of counsel to agree, a narrative of facts by the trial court. Williamson v. Enterprise Brick Co., 190 La. 415, 182 So. 556.
*658 “ * * * It is not the duty of the trial court to furnish a narrative of facts until or unless formally requested to do so by appellant who must first demonstrate the inability of counsel to agree upon such a statement as required by LSA-C.C.P. Articles 2130 and 2131.”
See also Associates Discount Corporation v. Downs, 162 So.2d 758 (La.App.1st Cir. 1964). Should the appellant’s effort to thus obtain a narrative have proven fruitless, there would have been evidence of the plaintiff’s diligent attempt to comply with this procedural article in perfecting the record for appeal. This effort would then serve as a predicate upon which to base an application for supervisory writs or such other action as the appellant may deem appropriate.
The record does not reflect that a statement of facts was ever requested of the trial judge, and none was supplied. Plaintiff cannot now be heard to complain that the trial judge failed to perform this act when it had not been requested of him and when, in all probability, he was unaware of its necessity.
The obligation of strict compliance with the provisions of LSA-C.C.P. art. 2131 is imposed upon appellant as part of his obligation to lodge a complete record with the appellate court.
The failure of the appellant to perfect his record by furnishing a proper narrative of testimony leaves for this court’s consideration only those facts contained in the trial judge’s written reasons for judgment. The crucial issue in this appeal is a factual one—the distance of plaintiff’s automobile from the point of impact when the turning movement was begun. Since there is neither a transcript of the oral testimony nor a summation of it by the trial judge in accordance with LSA-C.C.P. art. 2131 there is no basis upon which this court can reverse his factual conclusion that the automobiles were in excess of 300 feet apart when the turn was commenced.
In the case of Clark v. Richardson, 157 So.2d 325 (La.App.3d Cir. 1963), the court, after noting that the record contained neither the testimony of the witnesses, nor in lieu thereof, a written narrative of facts, concluded that it would not reverse the trial court on a factual determination which was dependent on absent oral testimony. It stated:
“ * * * Without the transcript of this evidence in the record, this court does not on review have any basis by which to determine that the trial court committed error in construing the evidence contrary to the appellant’s contentions.” 157 So.2d at 329.
The reasons for maintaining the lower court judgment in the instant case are even more persuasive in that the record does contain the trial court’s reasons for judgment, including the pivotal factual determination. In the absence of any contradictory evidence—and there is none—it must be presumed that he was correct.
Furthermore, we are not warranted in granting a new trial solely because of our inability to speculatively rationalize, in the absence of factual testimony, that the lower court’s findings of negligence and contributory negligence are irreconcilable since these are not mutually exclusive legal conclusions. Additionally, as we have noted, the defendant’s negligence is not an issue before us since it has not been appealed.
The arbitrary granting of a new trial to permit the appellant to overcome a deficiency in the transcript of which he was fully aware, and which is attributable to his lack of diligence, would not only prolong litigation, but would, in fact, unjustly deprive and illegally encroach upon the rights of the opposing litigant.
For these reasons, the lower court judgment finding the plaintiff contributorily negligent is affirmed at appellant’s cost.
Affirmed.