301 So.2d 705 (1974)
Ruth S. KAY et al., Plaintiffs-Appellees,
v.
HOME INDEMNITY COMPANY et al., Defendants-Appellants.
No. 4809.
Court of Appeal of Louisiana, Third Circuit.
October 16, 1974.
*706 Gold, Hall, Hammill & Little, by James D. Davis, Alexandria, for defendants-appellants.
Gerard F. Thomas, Jr., Natchitoches, for plaintiffs-appellees.
Before FRUGÉ, HOOD and DOMENGEAUX, JJ.
FRUGÉ, Judge.

MOTION TO REMAND
The defendants-appellants, Gary Russell Cartright and Home Indemnity Company, move to remand their unlodged appeal to the Tenth Judicial District Court for the purpose of re-taking the testimony of certain witnesses whose testimony was not transcribed due to a malfunction in the Court Reporter's recording device. The motion is opposed. We remand.
The pertinent facts are as follows: On June 20, 1974 a formal judgment against the appellants was read and signed in open Court in Natchitoches, Louisiana and the appellants then timely perfected an appeal to this court. After the appellants perfected their appeal they learned from the Court Reporter that parts of the testimony of certain witnesses at the trial was not recorded, particularly that of Cecil Boswell, Jerry Kay, plaintiff and husband of plaintiff Ruth S. Kay, Mrs. Sepulvado, and also the first part of the plaintiff Mrs. Ruth Kay's testimony. The appellants then filed the present Motion to Remand the appeal to the Tenth Judicial District Court for the purpose of re-taking the missing testimony.
The plaintiffs-appellees opposed the Motion to Remand on the grounds that the appellants never requested that the testimony of the witnesses to be transcribed under LSA-C.C.P. Article 2130, and second, that the trial judge has agreed to submit a written narration of the facts as provided in LSA-C.C.P. Article 2131.
Article 2132 of the Code of Civil Procedure provides as follows:
"A record on appeal which is incorrect or contains misstatements, irregularities or informalities, or which omits a material part of the trial record, may be corrected even after the record is transmitted to the appellate court, by the parties by stipulation, by the trial court or by the order of the appellate court. All other questions as to the content and form of the record shall be presented to the appellate court."
We believe that under the clear wording of this statute the appellants are entitled to the relief sought here. See Neal v. Neal, 268 So.2d 723 (La.App.3rd Cir. 1972); Middleton v. Pleasant, 298 So.2d 895 (La.App.3rd Cir. 1974). Article 2131 of the Code of Civil Procedure is inapplicable where the testimony of the witnesses has been taken down in writing. Harper v. Harper, 236 La. 458, 107 So.2d 704 (1958); St. Romain v. Bordelon, 77 So.2d 420 (La.App.2nd Cir. 1955). We hold that it likewise is inapplicable if the testimony is recorded by a mechanical device. It would be inequitable, we believe, to restrict a litigant to the relief provided by Article 2131 in cases where he reasonably believed that all of the testimony was being recorded or taken down during the trial, whereas all or a part of the testimony actually was not recorded or taken down and could not be transcribed, due to a mechanical failure, a misunderstanding or some other cause beyond the control of the litigant.
We have decided that the case should be remanded for the purpose of taking the testimony of those witnesses who testified at the trial and whose testimony failed to be recorded.
For the reasons assigned, the case is remanded to the trial court for the limited purpose of re-taking the testimony of the witnesses whose testimony was not recorded during the trial due to a mechanical failure.
Appeal remanded.