372 So.2d 635 (1979)
Mildred R. WILLIS, Appellant,
v.
GULF BUILDING SERVICES OF BATON ROUGE, INC. d/b/a Gulf Janitorial Services.
No. 12642.
Court of Appeal of Louisiana, First Circuit.
May 29, 1979.
Raymond L. Simmons, Baton Rouge, for plaintiff-appellant.
Charles W. Lamar, III, Breazeale, Sachse & Wilson, Baton Rouge, for defendant-appellee.
Before CHIASSON, EDWARDS and SARTAIN, JJ.
EDWARDS, Judge.
Plaintiff, Mildred R. Willis, brought this suit to recover from the defendant, Gulf Building Services of Baton Rouge, Inc., *636 d/b/a Gulf Janitorial Services, the sum of $41.40 as unpaid wages plus penalties of $621 and attorney's fees of $500 under LSA-R.S. 23:631 and 632. The trial court rendered judgment in favor of plaintiff in the sum of $34.50 for wages due, but declined to award penalties or attorney's fees. From this judgment plaintiff appealed, seeking penalties and attorney's fees. Defendant answered the appeal, requesting that plaintiff be ordered to complete an employment application as well as state and federal tax withholding statements prior to receiving her wages.
Initially, plaintiff contends that the trial court erred in making the appeal returnable to this court. Plaintiff asserts that her appeal is to the district court, citing LSA-C.C.P. arts. 4891 and 4899.
We do not agree. LSA-C.C.P. art. 4833 states that the appeal from "a city court when the amount in contest exceeds one thousand dollars, exclusive of interest, shall be returnable to the court of appeal of the circuit in which the city is located". Plaintiff's petition reveals that the amount in contest (wages of $41.40, penalties of $621 and attorney's fees of $500) exceeds $1,000. Additionally, LSA-C.C.P. arts. 4891 and 4899, cited by plaintiff, which govern suits where the amount involved is $300 or less, exclusive of interest and attorney's fees, are not applicable inasmuch as plaintiff's demand (wages of $41.40 and penalties of $621) exceeds that sum. Therefore, the trial court was correct in making the appeal returnable to this court.
Next, plaintiff urges that we remand this case for a new trial since the tapes of the testimony adduced at trial were destroyed before they were transcribed and there is no transcript to review on appeal.
Defendant agrees that the tapes were destroyed, but opposes the remand since, it argues, plaintiff failed to comply with LSA-C.C.P. arts. 2130 and 2131 to procure a narrative of the facts.
LSA-C.C.P. arts. 2130 and 2131 are not applicable where the testimony of the witnesses has been recorded or taken down during the trial, but due to mechanical failure or some other cause beyond the control of the parties, all or part of the testimony cannot be transcribed. Kay v. Home Indemnity Company, 301 So.2d 705 (La.App. 3rd Cir. 1974).
Pertinent to this issue are LSA-C.C.P. arts. 2132 and 2161, which provide:
Article 2132:
"A record on appeal which is incorrect or contains misstatements, irregularities or informalities, or which omits a material part of the trial record, may be corrected even after the record is transmitted to the appellate court, by the parties by stipulation, by the trial court or by the order of the appellate court. All other questions as to the content and form of the record shall be presented to the appellate court."
Article 2161:
"An appeal shall not be dismissed because the trial record is missing, incomplete or in error no matter who is responsible, and the court may remand the case either for retrial or for correction of the record. An appeal shall not be dismissed because of any other irregularity, error or defect unless it is imputable to the appellant...."
We believe that this case should be remanded for the purpose of taking the testimony of those witnesses who testified at the trial. Shively v. Pickens, 336 So.2d 1071 (La.App. 3rd Cir. 1976); Kay v. Home Indemnity Company, supra; LSA-C.C.P. art. 2161. See Harper v. Harper, 236 La. 458, 107 So.2d 704 (1958).
Additionally, on remand, the trial court should reconsider its ruling concerning attorney's fees in light of Carriere v. Pee Wee's Equipment Company, 364 So.2d 555 (La.1978).
For the above reasons, the case is remanded to the trial court for further proceedings consistent with the views herein expressed. Costs to await a final determination.
APPEAL REMANDED.