LOTTINGER, Judge.
Plaintiff-appellee filed a motion seeking the dismissal of this appeal because of no prosecution by appellant for one year. La. C.C.P. art. 2165. Pursuant to said motion this court issued a show cause order as to why this appeal should not be dismissed.
From the briefs filed in support of and in opposition to the motion, we glean the following facts. Judgment was signed on December 22, 1978; a suspensive appeal motion was granted on January 4, 1979; and bond was filed on January 18, 1979. The transcript of the testimony was never filed in the office of the trial court clerk due to the disappearance of the court reporter. Plaintiff-appellee filed a narrative of facts on November 29, 1979, and the defendant-appellant on December 19, 1979. These narratives differed. No narrative has ever been filed by the trial judge, and the record has not been lodged in this court.
Plaintiff-appellee argues that the failure to lodge the appeal record with this court properly belongs with appellant. It is suggested that appellant could have taken sufficient steps to have the record lodged.
Though in Webre v. Heard, 207 So.2d 880, 882 (La.App. 1st Cir. 1968) this court held that “it is not the duty of the trial court to furnish a narrative of facts until formally requested to do so by appellant who must first demonstrate the inability of counsel to agree upon such a statement as required by LSA-C.C.P. Articles 2130 and 2131,” in Willis v. Gulf Building Services of Baton Rouge, Inc., 372 So.2d 635 (La.App. 1st Cir. 1979) we held that La.C.C.P. arts. 2130 and 2131 were not applicable where the testimony of witnesses had been taken down but could not be transcribed because of mechanical failure. We are of the opinion that the Willis case controls here, and under the authority of La.C.C.P. arts. 2132 and 2161 we remand this case for the limited purpose of correcting the record by either the parties stipulating to the facts presented at the original trial, the trial judge filing a narrative of facts, or the taking the testimony of those witnesses, either in open court or by deposition, who testified at the original trial.
Therefore, for the above and foregoing reasons the motion to dismiss is denied, and this matter is remanded to the trial court for the purposes expressed hereinabove. Appellant has sixty days from the finality of this judgment within which to have the record so corrected. The costs of this motion are assessed to plaintiff-appellee.
MOTION DENIED, CASE REMANDED.