EDWARDS, Judge.
Defendant, Jeron Grayson, has appealed the judgment of the City Court of Baton Rouge which ordered him to pay plaintiff, Consuella Jacobs, $815.00. A failure of recording equipment has resulted in an incomplete trial transcript. Defendant-appellant seeks reversal of the judgment below or, in the alternative, a remand for new trial. In light of our conclusion that this case must be remanded, we do not reach the merits of plaintiffs appeal.
The transcript of testimony was prepared by the minute clerk of the City Court of Baton Rouge. The transcript index indicates that four witnesses testified in this matter in the following order: Consuella Jacobs, Christie Brown, Rosalie Rogers and Jeron Grayson. The transcript begins with Jacobs’ testimony. During the course of her testimony, the following notation appears:
“TRANSCRIBER’S NOTE: At this time the tape recording ended and apparently a new one was begun; however, the following tape recording was completely blank and this testimony resumed on the next following tape recording. A portion of approximately forty-five minutes of all testimony, colloquy, oral arguments (if any), exhibits introduced, et cetera, are completely missing at this point due to this fact. The testimony resumed with Mr. Jeron Gerald Grayson, the Defendant, on the stand apparently being called by the Plaintiff and was then taken on direct by his own defense counsel, Mr. Nelson.”
After this notation, the transcript resumes with the testimony of Grayson, which was already in progress. The net effect of this apparent mechanical failure is that the transcript omits portions of the testimony of Jacobs and Grayson and entirely omits that of Brown and Rogers.
LSA-C.C.P. art. 2131 provides that if the testimony of a witness has not been taken down in writing, the appellant has a duty to provide a narrative of facts joined in by both parties. In the absence of agreement by the parties, the trial judge is given the duty of making a written narrative of the facts. However, LSA-C.C.P. art. 2131 is not applicable where the testimony of the witnesses has been recorded or taken down during the trial, but due to mechanical failures or some other cause beyond the control of the parties, all or part of the testimony cannot be transcribed. Willis v. Gulf Bldg. Services of Baton Rouge, 372 So.2d 635 (La.App. 1st Cir.1979); Kay v. Home Indemnity Company, 301 So.2d 705 (La.App. 3rd Cir.1974). In such instances, the case should be remanded for the purpose of taking the testimony of those witnesses who testified at trial. Willis v. Gulf Bldg. Services of Baton Rouge, supra; Kay v. Home Indemnity Company, supra. See also LSA-C.C.P. arts. 2132 and 2161.
For the reasons assigned, the case is remanded to the trial court for the limited purpose of retaking the testimony of the witnesses who testified at trial. Costs to await a final determination.
APPEAL REMANDED.