432 So.2d 1036 (1983)
Consuella M. JACOBS
v.
Jeron GRAYSON.
No. 15129.
Court of Appeal of Louisiana, First Circuit.
May 17, 1983.
*1037 Steve H. Benton, Baton Rouge, for appellee (plaintiff).
Otha Curtis Nelson, Sr., Baton Rouge, for appellant (defendant).
Before EDWARDS, WATKINS and SHORTESS, JJ.
EDWARDS, Judge.
Defendant, Jeron Grayson, appeals a trial court judgment ordering him to pay plaintiff, Consuella Jacobs, $815.00 plus legal interest as damages for renting plaintiff's house to a third person without permission.
Plaintiff's petition made the following allegations: On December 2, 1980, by cash sale, Jacobs purchased a parcel of ground from Jeron and Sonya Grayson. After the date of that sale, Jeron Grayson rented the conveyed premises to Christie Brown at a rate of $250.00 per month. Grayson also collected a $50.00 deposit from Brown. Grayson collected approximately $560.00 from Brown under the rental agreement.[1] Grayson did not have Jacobs' permission to rent out the property in question. Brown had caused depreciation to the property in the amount of $500.00. Eviction of Brown and refurbishing of the premises would require expenditure of $300.00.
Defendant answered plaintiff's petition, denying the allegations therein.
Following trial, judgment was rendered in favor of plaintiff in the amount of $815.00. According to the trial court's oral reasons for judgment, this sum represented recovery for three months rent (at $255.00 per month) and a $50.00 deposit received by Grayson.[2] Although plaintiff's petition only requested $560.00 (apparently representing two months rent plus the $50.00 deposit), the trial court awarded damages for three months rent. The court's oral reasons indicated that plaintiff's pleadings had been enlarged by testimony, without objection by defendant, that Grayson had received three months rent from Christie Brown.
Defendant appealed the trial court judgment. This court remanded the case because the transcript on appeal was incomplete. Jacobs v. Grayson, 421 So.2d 394 (La.App. 1st Cir.1982). Four witnesses testified at trial. Due to a mechanical recording failure, the testimony of two witnesses was omitted from the transcript entirely and the testimony of the other two was incomplete. The case was remanded to the trial court "for the limited purpose of retaking the testimony of the witnesses who testified at trial." 421 So.2d at 395. That testimony was retaken and a transcript of that hearing has been lodged in this court.
Pursuant to this court's order, the various witnesses testified again at the second hearing. During the course of that hearing, defense counsel objected to any testimony which might serve to enlarge plaintiff's pleadings, i.e., establish a claim for three months rent rather than the two months rent requested in plaintiff's petition. The trial court overruled this objection, noting that defense counsel had failed to make any objection to this testimony at the original *1038 hearing. Since it had been ordered to retake testimony, and not to conduct a new trial, the court concluded that defense counsel was not entitled to urge this objection for the first time at the second hearing.
Also during the course of the second hearing, counsel for defendant made an oral motion to amend defendant's answer to allege that Grayson had made repairs to the property and to seek reimbursement for those repairs. Defense counsel admitted that such a motion had not been made at the original trial. The motion to amend was denied by the trial court for the same reason that defendant's earlier objection was overruled. The court concluded that since the motion was not made at the original trial, it could not be made at the second hearing which was ordered for the specific purpose of retaking the original testimony.
The brief submitted by defense counsel contains four assignments of error. Additionally, it contains a large number of legal citations and case summaries. There is, however, little discussion of the relationship between those principles and the case at hand. We glean from counsel's brief that the following actions of the trial court are assigned as error:
1) Overruling defense counsel's objection, at the second hearing, to testimony by Christie Brown which enlarged plaintiff's pleadings;
2) Overruling defense counsel's objection, at the second hearing, to testimony by Christie Brown that she made a rent payment for February of 1981 when she was unable to produce a receipt for that payment;
3) Denying defense counsel's motion, made at the second hearing, to orally amend defendant's answer; and
4) Considering plaintiff's petition enlarged by the testimony when receipts for only two months rent were offered into evidence.
The trial court overruled defense counsel's objection, at the second hearing, to testimony by Christie Brown that expanded plaintiff's pleadings. The sum mentioned in plaintiff's petition indicates that it sought recovery of rental payments for two months. However, Brown testified that she paid rent to Grayson for three months in 1981January, February and March. Christie Brown's testimony at the original trial was missing from the transcript. However, our examination of the transcript from the original hearing, including the trial court's oral reasons for judgment and the closing arguments of both counsel, convinces us that this testimony was received at the original hearing without objection.[3] As the trial court noted, our order for remand directed that the missing testimony be retaken, it did not order a new trial. Since the testimony in question was admitted without objection at the original trial, the court below correctly overruled the objection at the second hearing.
Likewise, defense counsel's motion, made at the second hearing, to amend defendant's answer was correctly denied.[4] As noted above, defense counsel conceded that no such motion had been made at the original trial. Since no motion to amend was made at the original trial, it could not have been entertained at the second hearing, which was ordered for the limited purpose of retaking testimony from the first hearing.
Defense counsel's two remaining assignments of error involve the same set of facts and testimony. Christie Brown testified that she had paid rental to defendant for three months in 1981January, February and March. However, she only produced two rent receipts. The first was completely *1039 handwritten and dated December 25, 1980. That receipt was for $305.00, representing January rent and a $50.00 deposit. The second receipt, for $255.00, was from a printed rent receipt book and bore the nonexistent date of February 30, 1981. Brown testified that this payment was actually made on March 1, 1981, and represented rent for March. She also testified that a $255.00 rental payment for February had been made to Grayson. However, she testified that she was unable to find the receipt for that payment. According to Brown, the February payment was delivered to defendant by Rosalie Rogers, her roommate, and was paid one-half in cash and one-half by check. Rogers testified that she remembered making such a payment, but could not recall when it was made.
Counsel for defendant asserts that since rent receipts for only two months were admitted into evidence, any testimony by Brown with regard to payment of three months rental was inadmissible. Additionally, he contends that plaintiff's pleadings should not have been considered enlarged since receipts for only two months rent were admitted. Counsel has failed to provide any authority for these assertions.
The fact that Brown produced only two rent receipts does not render inadmissible her testimony that she made three payments. Rather, a determination of the number of payments made becomes a matter of witness credibility. The truth of Brown's testimony was a question of credibility for the trial court to determine. A trial court's reasonable evaluation of witness credibility will not be disturbed absent manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Co., 283 So.2d 716 (La.1973); Rahm v. Exxon Corp., 399 So.2d 676 (La.App. 1st Cir.1981). There is no such error in the instant case. We also find that the trial court correctly considered plaintiff's pleadings to be enlarged by Brown's testimony, without objection, that she paid rent for three months to defendant. LSA-C.C.P. art. 1154.
For the foregoing reasons, the judgment of the lower court is affirmed at defendant's cost.
AFFIRMED.
SHORTESS, J., concurs with result.
NOTES
[1] Testimony at trial revealed that Brown rented the property for $255.00 per month.
[2] No award was made on the claims for deterioration of the property and expenses for eviction and refurbishing because those claims were abandoned by plaintiff at trial.
[3] Defense counsel himself, during the course of closing argument, conceded that "the two ladies [Brown and her roommate, Rosalie Rogers] testified that they paid three months rent...."
[4] Defendant's answer did no more than deny the facts of plaintiff's petition. The answer alleged no facts which would entitle defendant to a setoff for expenses incurred in repairing the property. A claim for setoff must be specifically pleaded in the answer. LSA-C.C.P. art. 1005; Nat. American Bank of New Orleans v. Purvis, 407 So.2d 754 (La.App. 1st Cir.1981).