934 So.2d 175 (2006)
Charles E. PLUMMER and Mae Etta Plummer Lewis
v.
Ora Lee Plummer BROWN, Ruth Plummer Hubbard, Joyce Marie Plummer, Joseph Plummer, Irma Jean Plummer and Samuel Paul Plummer.
No. 2005 CA 1059.
Court of Appeal of Louisiana, First Circuit.
May 5, 2006.
J. Arthur Smith, III, Baton Rouge, Counsel for Plaintiff/Appellee Mae Etta Plummer Lewis.
Walter C. Dumas, Baton Rouge, Counsel for Defendants/Appellants Ora Lee Plummer Brown, Ruth Plummer Hubbard, *176 Joyce Marie Plummer, Joseph Plummer, Irma Jean Plummer & Samuel Paul Plummer.
Ricci C. Ross, Baton Rouge, Counsel for Defendant/Appellee Ellene Williams Plummer.
Before: CARTER, C.J., DOWNING and GAIDRY, JJ.
DOWNING, J.
The defendants[1] appeal a judgment that declared certain sales of immovable property by their mother and deceased father to be donations in disguise or sales for an inadequate price. The judgment recognized the plaintiff/appellee's[2] right to seek collation in a proper proceeding. We pretermit ruling on the judgment at issue, however, because the record contains no transcript. The record indicates that the notes and recordings from which a transcript could have been produced have been destroyed pursuant to La. C.C.P. art. 372 C, which provides in pertinent part as follows: "The court reporter shall retain all notes and tape recordings in civil cases for a period of not less than five years after the end of the trial." Here, more than five years passed between the trial and the filing of the notice of appeal.[3]
Accordingly, we remand this matter to the trial court for the purpose of re-taking the testimony of the witnesses, if available, in order to complete the record so that we can adequately rule on the appeal. See Willis v. Gulf Bldg. Services of Baton Rouge, Inc., 372 So.2d 635, 636 (La.App. 1 Cir.1979).
We note, however, that in the absence of relevant portions of the transcript or a narrative report, we do not possess the factual basis from which to determine the merits of this matter. In such cases, a reviewing court generally will be relegated to applying the presumption that the trial court's judgment is supported by competent evidence and affirm the judgment. See Oliver v. Cal Dive Intern., Inc., 02-1122, pp. 7-8 (La.App. 1 Cir. 4/2/03), 844 So.2d 942, 947.

ORDER
Pursuant to La. C.C.P. art. 2161, we remand this matter to the 19th Judicial District Court for the limited purpose of holding a hearing for the purpose of admission of evidence, stipulations, and/or taking testimony in order to correct the record by re-creating the evidence, if possible. If the trial court determines that certain relevant portions of the record cannot be corrected, the trial shall dictate an explanation into the transcript of the hearing or provide a per curiam giving the explanation.
The hearing shall be held within 90 days of this opinion. Within 30 days of the hearing, the Clerk of Court of the 19th Judicial District Court shall supplement the appellate record with the evidence, stipulations, testimony, explanations, minute entries, and/or any other information produced in the trial court in connection with this matter.
REMANDED WITH ORDER
GAIDRY, J., dissents with reason.
*177 GAIDRY, J., dissenting.
This action was instituted on October 24, 1986. After extensive discovery and multiple trial continuances and re-assignments, the trial on the merits was conducted on April 29, 1998, with the parties being given thirty days to take the deposition of defendants' appraiser in lieu of his live testimony. The deposition was not taken within the time allotted, and the trial court issued very detailed reasons for judgment on October 28, 1998. These lengthy reasons set forth detailed findings of fact and summations of relevant testimony and evidence, as well as the trial court's legal conclusions and citations of applicable authority. At the conclusion of its reasons, the trial court noted that "[j]udgment [was] to be signed accordingly," a customary reference to the need for preparation and submission of an appropriate judgment to the court by the parties.[1]
On December 22, 2004, over six years after the mailing of the written reasons, plaintiff's counsel circulated among other counsel a proposed judgment reflecting the trial court's decision. On December 29, 2004, plaintiff's counsel submitted the proposed judgment to the trial court, and also filed a certificate verifying the circulation of the proposed judgment to other counsel prior to its submission. The trial court signed the judgment on December 30, 2004.
On February 28, 2005, defendants filed a motion for devolutive appeal, and the order granting their appeal was signed on March 9, 2005.[2] On April 28, 2005, the trial court's court reporter filed a certificate in the record, verifying that no stenographic notes or audiotapes of testimony and other trial proceedings had been retained, as over five years had passed since the trial.[3]
Louisiana Code of Civil Procedure article 2130 provides:
A party may request the clerk to cause the testimony to be taken down in writing and this transcript shall serve as the statement of facts of the case. The parties may agree to a narrative of the facts in accordance with the provisions of Article 2131.
In turn, La. C.C.P. art. 2131 sets out the mandatory procedure to follow in the absence of a trial transcript:
If the testimony of the witnesses has not been taken down in writing the appellant must request the other parties to join with him in a written and signed narrative of the facts, and in cases of disagreement as to this narrative or of refusal to join in it, at any time prior to the lodging of the record in the appellate court, the judge shall make a written narrative of the facts, which shall be conclusive. (Emphasis supplied.)
It has long been settled that where there is no written transcript of testimony, *178 the burden rests upon the appellant to comply with the provisions of La. C.C.P. arts. 2130 and 2131 and furnish, as part of the appellate record, either an agreed stipulation of fact or, in the absence of such agreement, a narrative of facts by the trial court. Webre v. Heard, 207 So.2d 880, 881-82 (La.App. 1st Cir.1968). An inadequacy in the record in such respect is imputable to the appellant. Oliver v. Cal Dive International, Inc., 02-1122, p. 7 (La. App. 1st Cir.4/2/03), 844 So.2d 942, 947. Where the appellee does not timely move for dismissal, rather than dismissing the case, the court of appeal can only follow the presumption that where the trial court's judgment depended on facts, the judgment was supported by competent evidence and should be affirmed. Buckels v. Buckels, 431 So.2d 92, 94 (La.App. 1st Cir.1983). See also Oliver, 02-1122 at p. 8, 844 So.2d at 947.
Clearly, an appellant has the primary duty to secure for the appellate record, at the very least, a narrative of the facts as provided by La. C.C.P. art. 2131. DeLaneuville v. Duplessis, 385 So.2d 385, 386 (La.App. 1st Cir.1980). The obligation of strict compliance with the provisions of La. C.C.P. art. 2131 is imposed upon the appellant as part of his obligation to lodge a complete record with the appellate court. Aube v. American Insurance Company, 254 So.2d 654, 658 (La.App. 4th Cir.1971), writ denied, 260 La. 411, 256 So.2d 292 (La.1972). Here, as was held in Aube, "[t]he failure of the appellant to perfect his record by furnishing a proper narrative of testimony leaves for this court's consideration only those facts contained in the trial judge's written reasons for judgment." Id.
Louisiana Code of Civil Procedure article 2161 addresses the issue of dismissal of appeals for irregularities. It provides in part that "[a]n appeal shall not be dismissed because the trial record is missing, incomplete or in error no matter who is responsible, and the court may remand the case either for retrial or correction of the record." But article 2161 has no application here, as dismissal of the appeal is not being sought by any party or even considered by this court.
The majority herein relies upon the case of Willis v. Gulf Building Services of Baton Rouge, Inc., 372 So.2d 635 (La.App. 1st Cir.1979), in determining that remand is warranted. In Willis, we held that La. C.C.P. arts. 2130 and 2131 "are not applicable where the testimony of the witnesses has been recorded or taken down during the trial, but due to mechanical failure or some other cause beyond the control of the parties, all or part of the testimony cannot be transcribed," citing Kay v. Home Indemnity Company, 301 So.2d 705 (La.App. 3rd Cir.1974). (In Kay, the testimony of certain witnesses was not transcribed due to a malfunction of the court reporter's recording device.)[4] Relying upon La. C.C.P. arts. 2132 and 2161, we concluded in Willis that remand for the purpose of retaking the testimony was appropriate. See also Floor-N-Wall Distributors, Inc. v. Hirts, 407 So.2d 501 (La.App. 1st Cir. 1981) (Motion to dismiss appeal denied and case remanded for limited purpose of correcting *179 the record by stipulation, preparation of fact narrative by trial court, or retaking of testimony, where transcript of testimony never filed due to disappearance of court reporter.)
The present case clearly does not involve the limited type of situation contemplated by Willis or Kay. Thus, the rule of Willis is inapplicable, and remand is not only unwarranted, but plainly wrong. The delay of over six years and eight months between the trial and the submission of the judgment to the trial court was certainly a circumstance within the control of the parties, and is therefore attributable to the parties. The lawful discarding of the stenographic notes and recorded testimony due to that passage of time is likewise attributable to the parties' inaction in taking appropriate steps to preserve the trial record for appeal. As a practical matter, the situation is as if no request for recordation of the testimony had been made under La. C.C.P. art. 2130. Defendants had the obligation to include appropriate references to the appellate record in their brief, and must be charged with knowledge of the trial transcript's absence. Given that circumstance, they were bound to follow the provisions of La. C.C.P. art. 2131. Not having availed themselves of the benefit of the latter provisions, they are not entitled to the benefit of La. C.C.P. art. 2132, which simply cannot apply under these facts.[5] To hold otherwise, as the majority does here, is to render meaningless both La. C.C.P. art. 2131 and the jurisprudential presumption of evidentiary support for the trial court's judgment. Article 2132 was clearly not intended to apply where the failure to utilize the procedure provided in article 2131 is imputable to the appellant. See La. C.C.P. art. 2161.
In Aube, supra, the Fourth Circuit pointedly observed:
The arbitrary granting of a new trial to permit the appellant to overcome a deficiency in the transcript of which he was fully aware, and which is attributable to his lack of diligence, would not only prolong litigation, but would, in fact, unjustly deprive and illegally encroach upon the rights of the opposing litigant.
Aube, 254 So.2d at 658. The same considerations apply here.
It has now been nearly twenty years since the commencement of this action and over eight years since the trial on the merits. The original trial judge has since been elected to this court, and one of the trial attorneys of record is deceased. It is past time that this action was resolved. In my view, the remand of this action for purposes of reconstructing the prior testimony of witnesses from over eight years ago is not only a waste of judicial resources, but probably an exercise in futility. The majority's action is not only incorrect from a legal standpoint, but perpetuates unjustified delay in bringing closure to this longstanding dispute. I conclude that this action creates a new jurisprudential rule in direct conflict with the applicable codal articles and a long-established jurisprudential rule resting upon solid, defensible juridical principles.
*180 The judgment of the trial court should be affirmed. I respectfully dissent.
NOTES
[1] The defendants are Ora Lee Plummer Brown, Ruth Plummer Hubbard, Joyce Marie Plummer, Joseph Plummer, Irma Jean Plummer and Samuel Plummer.
[2] Mae Etta Plummer Lewis is the only remaining plaintiff. The other plaintiff, Charles E. Plummer, previously dismissed his cause of action.
[3] The trial of this matter was held on April 29, 1998. Judgment was signed on December 30, 2004. The notice of appeal was filed on March 9, 2005.
[1] This customary practice was later promulgated, with additional procedural requirements, as Rule 9.5 of the Louisiana Rules for District Courts, adopted April 1, 2002, and as amended subsequently.
[2] Defendants filed an amended motion for devolutive appeal on March 14, 2005 to clarify their status as appellants. That motion was also granted by the trial court.
[3] Louisiana Code of Civil Procedure article 372(C) provides:

C. The court reporter shall retain all notes and tape recordings in civil cases for a period of not less than five years after the end of the trial. However, if the record of the trial is fully transcribed, the court reporter shall retain all notes and tape recordings which have been fully transcribed for a period of not less than two years after transcription is completed. The court reporter shall destroy any notes and tape recordings of any matter upon order of a court of competent jurisdiction. (Emphasis supplied.)
[4] The court in Kay explained: "It would be inequitable, we believe, to restrict a litigant to the relief provided by Article 2131 in cases where he reasonably believed that all of the testimony was being recorded or taken down during the trial, whereas all or a part of the testimony actually was not recorded or taken down and could not be transcribed, due to a mechanical failure, a misunderstanding or some other cause beyond the control of the litigant." Kay, 301 So.2d at 706. (Emphasis supplied.) The parties are charged with knowledge of La. C.C.P. art. 372(C). See La. C.C. art. 5. Thus, they cannot claim a reasonable belief in the continued existence of the recorded trial testimony.
[5] Louisiana Code of Civil Procedure article 2132 provides:

A record on appeal which is incorrect or contains misstatements, irregularities or informalities, or which omits a material part of the trial record, may be corrected even after the record is transmitted to the appellate court, by the parties by stipulation, by the trial court or by order of the appellate court. All other questions as to the content and form of the record shall be preserved to the appellate court.