960 So.2d 1022 (2007)
Charles E. PLUMMER and Mae Etta Plummer Lewis
v.
Ora Lee Plummer BROWN, Ruth Plummer Hubbard, Joyce Marie Plummer, Joseph Plummer, Irma Jean Plummer and Samuel Paul Plummer.
No. 2005 CA 1059.
Court of Appeal of Louisiana, First Circuit.
April 24, 2007.
Rehearing Denied May 29, 2007.
J. Arthur Smith, III, Baton Rouge, Counsel for Plaintiff/Appellee Mae Etta Plummer Lewis.
Walter C. Dumas, Baton Rouge, Counsel for Defendants/Appellants Ora Lee Plummer Brown, Ruth Plummer Hubbard, Joyce Marie Plummer, Joseph Plummer, Irma Jean Plummer & Samuel Paul Plummer.
Ellene Williams Plummer, Baton Rouge, In Proper Person.
Before: CARTER, C.J., DOWNING and GAIDRY, JJ.
DOWNING, J.
The defendants[1] appeal a judgment that declared certain sales of immovable property by their mother and deceased father to be donations in disguise or sales for an inadequate price. The judgment recognized the plaintiff-appellee's[2] right to seek collation in a proper proceeding. For the following reasons, we affirm.
On May 5, 2006, this court issued an order as follows:
ORDER
Pursuant to La. C.C.P. art. 2161, we remand this matter to the 19th Judicial *1023 District Court for the limited purpose of holding a hearing for the purpose of admission of evidence, stipulations, and/or taking testimony in order to correct the record by re-creating the evidence, if possible. If the trial court determines that certain relevant portions of the record cannot be corrected, the trial court shall dictate an explanation into the transcript of the hearing or provide a per curiam giving the explanation.
The hearing shall be held within 90 days of this opinion. Within 30 days of the hearing, the Clerk of Court of the 19th Judicial District Court shall supplement the appellate record with the evidence, stipulations, testimony, explanations, minute entries, and/or any other information produced in the trial court in connection with this matter.
Plummer v. Brown, 05-1059, p. 3 (La.App. 1 Cir. 5/5/06), 934 So.2d 175, 176, writ denied, 06-1354 (La.9/22/06), 937 So.2d 389.
After receipt of this court's order, the plaintiff sought writs with the supreme court. The supreme court denied the writ application on September 22, 2006. Plummer v. Brown, 06-1354 (La.9/22/06), 937 So.2d 389. Our order became fully final at that time.
Accordingly, pursuant to our order, a hearing should have been held on or before December 21, 2006, and the record should have been supplemented within 30 days. That hearing was never held. Rather, we were informed that on November 20, 2006, a status conference was converted to a "hearing on rule," at which time the parties chose March 12, 2007 as the first available date for the ordered hearing. Certain evidence was introduced into the record at the November 20 hearing.
Neither party requested an extension of this court's order. However, pursuant to an inquiry from the clerk of this court, we received correspondence from appellee's attorney dated February 21, 2007 explaining the status of the matter in the district court. We, therefore, issued another order on March 5, 2007, as follows:
ORDER
WHEREAS, this Court issued an interim opinion on May 5, 2006, that remanded this matter back to the 19th Judicial District Court for the limited purpose of holding a hearing to correct the record. This hearing was ordered to be held within 90 days of May 5, 2006 and thereafter, the Clerk of Court of the 19th Judicial District Court was to supplement the appellate record within 30 days of the hearing.
On February 22, 2007, Appellee in this matter respectfully filed with this Court correspondence that provided an update on this matter since our Court's May 5, 2006 interim opinion. Thereby, this Court has been advised of the March 12, 2007 hearing before the Honorable Donald Johnson in regards to the reconstruction of the record.
IN CONSIDERATION OF THE ABOVE, IT IS HEREBY ORDERED, as described in this Court's May 5, 2006 interim order, that the Clerk of Court of the 19th Judicial District Court shall supplement the appellate record by March 30, 2007, with the "evidence, stipulations, testimony, explanations, minute entries, and/or any other information produced in the trial court in connection with this matter." No extensions on this date shall be granted absent emergency circumstances.
Despite our clear directive that no extensions would be granted absent emergency circumstances, as of the date of this opinion no motion seeking extension of our deadlines has been filed. We have, however, *1024 received on March 21, 2007 an undated letter from the trial judge's judicial assistant informing us that the hearing has been rescheduled for April 30, 2007. This letter neither requests an extension of our order nor states any emergency circumstances. Accordingly, finding no just reason for delay, we will decide the matter based on the trial record before us.[3]
In issuing our initial May 5, 2006 order, we noted that in the absence of relevant portions of the transcript or a narrative report, we do not possess the factual basis from which to determine the merits of this matter. We cited Oliver v. Cal Dive Intern., Inc., 02-1122, pp. 7-8 (La.App. 1 Cir. 4/2/03), 844 So.2d 942, 947, in support of this proposition. Further citing Oliver, we explained that in such cases, a reviewing court generally will be relegated to applying the presumption that the trial court's judgment is supported by competent evidence and affirm the judgment. Id.
Here, having reviewed the available record, and after providing the parties ample opportunity to complete the record, we conclude that we do not possess an adequate factual basis from which to determine the merits of the matter before us. Therefore, we must apply the presumption that the trial court's judgment is correct. Accordingly, we will affirm the judgment of the trial court.

DECREE
For the foregoing reasons, we affirm the judgment of the trial court. Costs of this appeal are assessed to the defendants-appellants, Ora Lee Plummer Brown, Ruth Plummer Hubbard, Joyce Marie Plummer, Joseph Plummer, Irma Jean Plummer and Samuel Plummer.
AFFIRMED.
GAIDRY, J., concurring.
I concur in the result, for the reasons set forth in my original dissenting opinion in this case. The original majority now correctly applies the rule of Oliver v. Cal Dive Int'l, Inc., 02-1122, pp. 7-8 (La.App. 1st Cir.4/2/03), 844 So.2d 942, 947. Unfortunately, this case may serve as an exemplar for William Gladstone's venerable observation, "Justice delayed is justice denied."
NOTES
[1] The defendants are Ora Lee Plummer Brown, Ruth Plummer Hubbard, Joyce Marie Plummer, Joseph Plummer, Irma Jean Plummer and Samuel Plummer.
[2] Mae Etta Plummer Lewis is the only remaining plaintiff. The other plaintiff, Charles E. Plummer, previously dismissed his cause of action.
[3] We do not consider the evidence filed in connection with the November 20, 2006 hearing. The minute entry for this hearing reflects that the court allowed the parties to "introduce whatever additional evidence they desire, today not being that day of introduction of evidence." The minute entry also reflected that a judgment was to be "signed accordingly." The record, however, contains no judgment or any other indicia that this evidence was admitted in furtherance of our May 3, 2006 order "to correct the record by re-creating the evidence, if possible." Nor is there evidence that the parties stipulate that the introduced evidence can be substituted for the lost testimony.