NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 10-515

ESTATE OF SEDONIA WILLIAM

VERSUS

DELORES BENOIT A/K/A DELORES BENOIT HIPPOLITE

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 114954
HONORABLE JOHN E. CONERY, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Marc T. Amy, Billy Howard Ezell, and David E. Chatelain, Judges.

REMANDED.

Owen J. Trahant, Jr.
Attorney at Law
P. O. Box 11804
New Iberia, LA 70560
(337) 367-7727
Counsel for Defendant/Appellee:
Delores Benoit
Steven J. Diebold

_____
* Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Champagne & Brumbaugh**
**P. O. Box 3764**
**Lafayette, LA 70502-3764**
**(337) 233-4414**
**Counsel for Plaintiffs/Appellants:**
**Estate of Sedonia William**
**Delores Benoit Hippolite**
**Delores Benoit**

**EZELL, JUDGE**.

The estate of Sedonia William appeals the decision of the trial court granting an exception of prescription, dismissing her suit for dissolution of sale against Delores Benoit. For the following reasons, we must remand this case to the trial court.

The estate of Sedonia William alleges that the trial court erred in finding the contract of sale contained or amounted to a promissory note, thereby reducing the prescriptive period for recision of the sale from ten years to five. While the trial court was able to examine a copy of the contract at the hearing on the exception, neither party introduced the contract and it is not a part of the record before us.

> LA.CODE CIV. PROC. ANN. art. 2164 provides that an "appellate court shall render any judgment which is just, legal and proper upon the record on appeal." It is well settled that an appellate court is empowered under this article to remand a case to the district court for the taking of additional evidence where it is necessary to reach a just decision and to prevent a miscarriage of justice. *Vallo v. Gayle Oil Company, Inc.*, 94-1238 (La.11/30/94), 646 So.2d 859, 866. Although a court should always remand a case whenever the nature and extent of the proceedings dictate such a course, whether or not any particular case should be remanded is a matter which is vested largely within the court's discretion and depends upon the circumstances of the case. *Jones v. LeDay*, 373 So.2d 787, 789 (La.App. 3 Cir.1979).

*Alex v. Rayne Concrete Serv.*, 05-1457, 05-2344, 05-2520, p.23 (La. 1/26/07), 951 So.2d 138, 155.

Examination of the record reveals that it does not contain sufficient evidence to allow us to determine the merits of this matter. We do not possess the factual basis from which to determine whether the contract amounted to a promissory note, or frankly, any other question regarding the sale document, as the contract that serves as the basis for this entire suit is entirely absent from the record. Therefore, we must pretermit ruling on this appeal because the record contains no evidence at all for our examination. Accordingly, we remand this matter to the trial court for the purpose

1

of the introduction of the sale contract, if available, in order to complete the record so that we can adequately rule on the appeal. *See Willis v. Gulf Bldg. Servs. of Baton Rouge, Inc.*, 372 So.2d 635 (La.App. 1 Cir. 1979).

For the above reasons, we hereby remand this case to the trial court for the limited purpose of holding a hearing for admission of the property sales agreement, if possible. Costs of this appeal are to be divided between the parties.

**REMANDED.**