KNOLL, Judge.
Farmers-Merchants Bank & Trust Company (hereafter Bank) appeals the trial court’s award of damages to Felton Boyd for the wrongful breach of the Bank’s agreement to provide him financing. This *867 case was previously heard by us and the facts are reported in Boyd v. Farmers-Merchants Bank & Trust Company, 433 So.2d 339 (La.App. 3rd Cir.1983), writ refused, 440 So.2d 732 (La.1983). On remand the trial court: (1) reordered a judicial sale of the property because Boyd was denied the opportunity to bid on the property since the Bank breached its agreement to provide financing; (2) dismissed the Bank’s hoard of directors who were personally sued; and (3) awarded Boyd $12,000 damages for home rental and mental anguish. The Bank contends the trial court erred: (1) in considering the issue of damages on remand because no damage evidence was presented at the original trial; (2) in allowing the introduction of depositions taken for the purpose of proving damages after remand of this case was ordered; (3) in ordering the taking of depositions on remand without a contradictory hearing if the consideration of the issue of damages was proper on remand; and (4) alternatively, in awarding excessive damages. Boyd appealed, assigning as error the inadequacy of the damage award. We reverse, finding that the consideration of the issue of damages falls outside the limited scope of remand. In view of this conclusion, we will not consider assignments of errors three and four.
FACTS
In our earlier consideration of this matter we reversed and remanded the case to the trial court, finding the Bank breached its agreement to provide Boyd with financing at an upcoming sheriff’s sale, coupled with the Bank officer’s subsequent purchase and resulting enrichment, constituted such an irregularity so as to justify setting aside the sheriff’s sale.
On June 22,1984, the trial on the remand issues was tenth on the docket. On that date the court minutes reflect that the case was submitted, and that any other testimony, i.e., by deposition, must be presented within thirty (30) days.
On June 27, 1984, counsel for Boyd scheduled Boyd’s deposition pursuant to notice filed June 22, 1984. Prior to the taking of Boyd’s deposition, counsel for the Bank objected stating as follows:

“At this time defendants herein, through counsel, object to taking as per formal notice of counsel for plaintiff on June 22, 1984, of the herein deposition of the testimony of plaintiff, the basis for said objection being that both plaintiff and defendants herein, through their counsel, have previously rested their respective cases, terminating the actual trial of and submitting the entire matter to the Court for a decision. And there exists no factual or legal basis for reopening of the suit matter.

Counsel for defendants makes this objection general, without the necessity of repetition thereof. I trust that’s satisfactory.

* * * # * *

Counsel for defendants further objects to the herein sought deposition of the testimony of plaintiff herein on the additional ground that taking of same is contrary to the herein judgment of the Appellate Court, Third Circuit, of May 25, 1983, wherein the District Court judgment of September 2, 1982, was reversed, the Sheriffs sale of July 26, 1978, was invalidated and set aside, and the case remanded to the District Court for further proceedings consistent with the Appellate Court’s decision; that is, rendition of judgment by the District Court invalidating the Sheriffs sale, ordering resale of the property in the manner provided by law, and decision concerning all remaining issues in the case on the basis of evidence adduced in the course of trial by both plaintiff and defendants. The taking of further testimony or submission of further evidence by plaintiff or defendants not having been ordered or allowed by the Appellate Court, Third Circuit, and there being no factual or legal basis for reopening of the present suit matter for said purposes, counsel for defendants makes this objection 
*868
general, without the necessity of repetition thereof.”

Immediately after taking Boyd’s deposition, counsel for Boyd took the deposition of Calvin Jones. Both Boyd and Jones were deposed for the. purpose of establishing damages and the depositions were submitted to the trial court for its determination of the question of damages.
REMAND
The Bank contends that since no evidence of damages was presented at the original trial on the merits, the trial court erred in its consideration of damages on remand. We agree.
In a damage claim plaintiff must prove the damages suffered, and such claim must be supported by evidence in the record. Borden, Inc. v. Howard Trucking Co., Inc., 454 So.2d 1081 (La.1983). Accordingly, a party who fails to present proof of an element of damages is deemed to have abandoned that claim.
The record shows that there were no constraints placed on Boyd’s introduction of evidence at the original trial concerning any damages he may have suffered. Our examination of the trial record reveals no evidence of damages was presented by Boyd.
The scope of the proceedings on remand is best summarized in our earlier opinion, which states: “The Bank’s breach of their agreement to loan plaintiff money effectively prevented competition at the sale. That breach coupled with the Bank officer’s subsequent purchase and resulting enrichment, constitutes such an irregularity so as to justify setting aside the sheriff’s sale.”
The limited scope of the proceedings on remand was to order a new public sale of the immovable property; the remand was not for the purpose of proving damages that Boyd may have sustained. Therefore, the trial court clearly erred in considering the issue of Boyd’s damages on remand.
Two recent cases concerning the scope of a hearing on remand are Jacobs v. Grayson, 432 So.2d 1036 (La.App. 1st Cir.1983) and Merchants Trust and Sav. Bank v. Franzone, 425 So.2d 844 (La.App. 5th Cir.1982), writ denied, 433 So.2d 160 (La.1983). In Jacobs the appellate court concluded that the trial court properly denied defendant’s motion to amend his answer on remand since the limited purpose of the remand was for the retaking of testimony from the first hearing. In Merchants Trust and Savings the appellate court upheld the trial court’s determination that disallowed defendant’s set-off evidence on remand, holding, “We are of the opinion that during the first trial was the time to present all evidence regarding set-offs or credits of any kind ...” We find the rationale of these cases applicable to the disposition of the present case, therefore, we conclude that evidence of damages suffered by Boyd should have been presented at the original trial.
For the foregoing reasons the portion of the trial court’s judgment awarding Boyd damages is reversed and set aside; in all other respects the judgment is affirmed. All costs of the remand and this appeal are assessed to Felton Boyd.
REVERSED IN PART AND AFFIRMED IN PART.