JiDECUIR, Judge.
This consolidated appeal arises out of two legal proceedings involving the estate of John Baptiste Doueet, Sr. The particular focus of the appeal is the proper disposition, under the terms of Doucet’s will, of cash derived from the sale of a parcel of separate property-

FACTS

John Baptiste Doueet, Sr. died on December 12, 1989. He is survived by his third wife, to whom he had been married for forty-four years, and three children from his first marriage.
During their marriage, John and Ena Dou-cet lived in a modest home on fifteen (15) acres of land owned by Mr. Doueet as separate property. During that time, Mr. Doueet also owned as separate property two (2) sixty-acre (60) tracts of land. At the time of his death, the descriptive list of the estate revealed other separate movables which included a money market account as well as an alleged obligation of the surviving spouse. The community movables consisted of vehicles, cattle, miscellaneous furniture and SLEMCO capital credits.
Some ten (10) years prior to his death in August of 1979, Mr. Doueet had two separate wills prepared by his attorney. The first will dated August 20, 1979, provided in pertinent part:
12“At my death, I will and bequeath one-fourth of all my property of every kind, description and both separate and in community between us, and which I shall die possessed of, to my beloved wife, Ena Ar-doin Doueet.”
The dispositive portion of the second will, dated August 28, 1979, provided:
“At my death, I -will and bequeath one-half of the home residence building now occupied by me together with an undivided one-half interest in the fifteen (15) acres where said home residence building is located, together with the lifetime usufruct of said home residence building and with lifetime usufruct of said fifteen (15) acres surrounding my said home residence build- *884 mg to my beloved wife, Ena Ardoin Dou-cet. I will and bequeath to my said wife, Ena Ardoin Doucet, all of the household fumiture, effects and movables." (Emphasis added)
The primary issue before this court is the interpretation of the last sentence of the dispositive portion of the second will. Appellant, Ena Ardoin Doucet, contends that the words “effects and movables” would include all things, corporeal or incorporeal, that are not immovable. The determination of this issue is critical, because Mr. Doucet sold one of his sixty-acre (60) tracts of separate property fourteen (14) days prior to his death. The surviving spouse used proceeds of that sale to cover community expenses. The estate sought reimbursement for those expenses.
The trial court found that the word “movable” in the critical passage had to be read in context, and that the Civil Code definition of “movable” was not applicable. Therefore, the funds in question constituted part of the separate estate. Accordingly, the court ordered that the surviving spouse pay the estate $6,374.03 as separate funds spent after decedent’s death and $3,711.60 as the limit of her liability under LSA-C.C. art. 2365 for the claim against her for separate funds used for community obligations. Both Ena Doucet and the estate appeal.

DISCUSSION

In interpreting wills the intention of the testator is of paramount importance, though the court should not depart from the proper signification of the terms of the testament. LSA-C.C. art. 1712; Succession of Williams, 60S So.2d 973 (La.1992). Furthermore, when the terms of a will are ambiguous as to the thing the testator intended to bequeath, resort may be had to extrinsic evidence and circumstances throwing any light on testator’s intentions. Succession of Smart, 214 La. 63, 36 So.2d 639 (1948).
In addition, as noted by the trial judge, when a provision standing alone is not clear, a court must take into consideration the entire context of the will. Succession of Killingsworth, 292 So.2d 536 (La.1974). Finally, the factual findings of the trial court in will contest cases are entitled to great ^weight and are not to be disturbed on appeal absent manifest error. Succession of Daigle, 601 So.2d 10 (La.App. 3d Cir.1992).
The testament at issue in this case was prepared for Mr. Doucet by an attorney. We must presume that an attorney knows the law and has clearly expressed his intention in drafting a will. Succession of Jones, 172 So.2d 312 (La.App. 4th Cir.), writ refused, 247 La. 718, 174 So.2d 131 (1965). The word “movable” is a clear and unambiguous term defined by our Civil Code as “All things, corporeal or incorporeal, that the law does not consider as immovables”. LSA-C.C. art. 475. The ruling of the trial court ignores this clear meaning by limiting “movables” in the testament to household furniture, ears, tractors, cows, etc. located on the home property. Such an interpretation fails to give proper significance to the term “movables”. As noted above, a court cannot abandon the proper signification of the terms in a testament in search of the intent of the testator. LSA-C.C. art. 1712; Williams, supra.
Because we find the terms of the testament are clear and unambiguous, extrinsic evidence is not necessary to determine the testator’s intent. However, we note that the extrinsic evidence presented supports the clear language of the testament. Considering the applicable law and the facts before us, we find the ruling of the trial court regarding the meaning of the term “movable” to be manifestly erroneous.
We turn now to the claim by the estate that the trial judge erred in hearing both Docket No. 91-C-0054-C and Docket No. 90-P-0902-A together. The crux of the complaint is that the estate did not receive adequate notice, under Louisiana Code of Civil Procedure art. 1571, that the action filed by the surviving spouse would be heard.
This assignment lacks merit for several reasons. First, Louisiana Code of Civil Procedure art. 1561 authorizes the trial court to order a joint trial of common issues, in separate suits before it, at any time prior to trial. Secondly, the matter in question was transferred from one division of the court to an *885 other by an order recognizing that it was an internal issue in the larger estate proceeding. Thirdly, the trial court clearly agreed to hear any additional evidence at a later proceeding if necessary. Finally, any error on the part of the trial court is harmless as we have found the will to be clear and unambiguous. Therefore, no extrinsic evidence is necessary or permissible to vary the terms of the will.
For the foregoing reasons the judgment of the trial court is reversed.
Lit is hereby Ordered, Adjudged and Decreed:
1) That the word “movable” in the legacy to Mrs. Ena Ardoin Doucet includes all movables, both corporeal and incorporeal, specifically including all monies in bank accounts or investments.
2) That Ena Ardoin Doucet is to be recognized as surviving spouse in community and legatee and, as such, to be placed in possession of one-half in full ownership and one-half in usufruct, subject to posting security as to the usufruct, the following described property, to-wit:
A certain tract or parcel of land, together with all buildings and improvements thereon, containing fifteen (15) acres, more or less, situated in Section Seventy-eight (78), Township Four South (T-4-S), Range Three East (R-3-E), St. Landry Parish, Louisiana, and being bounded now or formerly, as follows: Northeast by Louisiana Highway 103, Southeast and Southwest by Mary Dou-cet Launey, and Northwest by property of Marshall J. Doucet.
The above described tract was acquired by John Baptiste Doucet, Sr., on May 27, 1944, under Original Act. No. 222202 in Conveyance Book S-7, Page 396.
3) That Ena Ardoin Doucet is to be placed in possession of the following described property, to-wit:
A. All household furniture, effects and movables located in the family home and on the fifteen-acre tract described immediately above.
B. 1. 1981 Ford LTD
2. 1973 Chevrolet Pickup
3. 195 6050 International Tractor
4. Two (2) cows
5. Miscellaneous tools
6. Cattle trailer which has never been registered and has no lights on it
7. SLEMCO capital credits
C.All monies in bank accounts and investments constituting part of the estate of John Baptiste Doucet, Sr.
4)The marital portion has been satisfied.
Reversed and Rendered.
PETERS, J., concurs with assigned reasons.
GUIDRY, C.J., concurs for the reasons assigned by PETERS, J.