LMARION F. EDWARDS, Judge.
Appellants appeal the trial court’s ruling that language in a statutory will was ambiguous, thereby requiring parole evidence to determine the testator’s intent. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
On March 25, 1998, Louis Anthony Gallo, M.D. (“Dr.Gallo”), executed a Last Will and Testament that was prepared and notarized by his attorney, Joseph Bertrand. Dr. Gallo’s will provided that his current wife, Mary Lydia Fabacher Gallo (“Mrs.Gallo”), be appointed as Executrix of his estate. The will further made a number of specific bequests to Mrs. Gallo as well. Appellants, Cynthia Gallo Hull and Louis Anthony Gallo, Jr., were Dr. Gallo’s children from a previous marriage. The will specifically stated that they should only inherit under the forced heirship provisions of Louisiana law. At the time that Dr. Gallo’s will was drafted, both Hull and Gallo, Jr. had attained the age of majority.
| ¡After the death of Dr. Gallo on August 16, 2001, Mrs. Gallo filed a Petition To Present Notarial Will And For Appointment Of Executrix in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, where Dr. Gallo was domiciled, on October 12, 2001. Cynthia Gallo Hull (“Hull”), filed an Opposition to Probate of Testament on October 19, 2001, alleging that the will was invalid for failure to comply “with the necessary formalities of a Statutory Will,” and that there were several inconsistencies that further compromised the integrity of the will. Hull later filed a Motion To Dismiss her opposition, which was granted by the court on February 22, 2002. On February 19, 2002, Hull filed a Petition For Possession, and later filed a Motion To Traverse Detailed Descriptive List filed by Mrs. Gallo on April 26, 2002.
On June 26, 2002, Mrs. Gallo, as Executrix, filed a Petition For Declaratory Judgment in which she alleged that Dr. Gallo’s will contained a typographical error that rendered the testament ambiguous. Specifically, Mrs. Gallo argued that a section of the will pertaining to “General Bequests” that read, “all residential property, both separate and community, movable or immovable shall go to my beloved wife, Mary Lydia Fabacher Gallo” (Emphasis added), was a typographical error that should have been “all residual property ...” (Emphasis added). Mrs. Gallo asserted that the sentence in question, if not determined to address the residual portion of Dr. Gallo’s estate, would require the residual portion of the estate to fall into intestacy, since no other language in the will provided for a disposition of the residual portion of Dr. Gallo’s estate.
*1138 On September 11, 2002, the trial court heard Mrs. Gallo’s Petition For Declaratory Judgment, and determined that certain language in the testament was ambiguous. The court heard parole evidence from Joseph Bertrand, the ^attorney who drafted the will,[1] then granted Mrs. Gallo’s Petition for Declaratory Judgment, specifically finding “that the terms (sic) ‘residential’ as used in the last sentence of paragraph 3.2 of the Last Will and Testament of the decedent dated March 25,1998 was a typographical error and was intended to be the word ‘residual.’ ” The court further found Mrs. Gallo to be the sole residuary legatee of the estate of Dr. Gallo.
Appellants timely filed the present appeal.
LAW AND ANALYSIS
In their sole assignment of error, Appellants assert that the trial court erred when it held that Dr. Gallo’s testament was ambiguous and therefore required parole evidence to ascertain Dr. Gallo’s intent.
The Supreme Court in Succession of Williams,[2] reviewed the law on will interpretation as follows:
The intent of the testator is the paramount consideration in determining the provisions of a will. La. Civ.Code art. 1712 [present La. Civ.Code art. 1611]. When a will is free from ambiguity, the will must be carried out according to its written terms, without reference to information outside the will. Id. However, when a provision in a will is subject to more than one equally reasonable interpretation, then the court may consider all circumstances existing at the time of the execution of the will (and not just the language of the will) which may aid in determining the intent of the testator. La. Civ.Code art. 1715 [present article 1611]. [Italics added].
The provision in Dr. Gallo’s will at issue is found in Section Three, paragraph 8.2, and reads, “All residential property, both separate and community, movable or immovable shall go to my beloved wife Mary Lydia Fabacher Gallo.” (Emphasis added).
Appellants argue that the term “movable residential property” refers to things such as “mobile homes,” and RV’s. It is noted, however, that the | ¿record is devoid of any indication that the estate contained such items, either at the time the will was drafted, or at the time of Dr. Gallo’s death. In addition, our own review of Louisiana jurisprudence has not produced a single reference to the term “movable residential property.”
While acknowledging the possibility that the will could convey separate and community immovable property, Mrs. Gallo contends that “residential movable property” is a term that is ambiguous at best, and disputes Appellants’ explanation of the term as written. Mrs. Gallo further contends that even if the term “movable residential property” were interpreted to mean “movables located at the residence,” then a question would still exist as to the extent of the items included in the definition, thereby rendering the bequest ambiguous and requiring parole evidence to determine Dr. Gallo’s intent.
When a provision in a will is not clear, a court must take into account entire context of the will.[3] In this case, Mrs. Gallo argues that several portions of the will express Dr. Gallo’s intent that his children not inherit any portion of his es *1139 tate. Mrs. Gallo asserts that the first example of this intent can be seen in paragraph 2.5 of the will in which Dr. Gallo indicates that should Mrs. Gallo predecease him, it is his intention to leave his portion of the community to her children, and not to the Appellants. Mrs. Gallo also references Section Three of the Will, in which Dr. Gallo indicates his intent to give only the forced portion of his estate to Cynthia Gallo Hull and Louis Anthony Gallo, Jr., as provided under the definition of incapacity in Section 3.1 of the will. Mrs. Gallo concludes that to put Appellants into possession of the residual portion of Dr. Gallo’s estate is a | ficlear contradiction to the wishes expressed by Dr. Gallo in the remainder of his will.
Conversely, Cynthia Gallo Hull and Louis Anthony Gallo, Jr. argue that certain statements in the will could be interpreted to mean that Dr. Gallo intended for them to inherit part of his estate. They refer to paragraph 5.2 of the testament that states, “Any gifts that I have made to any of my two children named in paragraph 1.1 during my lifetime, will be considered as an extra portion and not subject to collation.” Appellants conclude that Dr. Gallo must have intended for some portion of his estate to go them if he considered the gifts to be “an extra portion.” We disagree.
At the hearing, the trial court stated:
The court, after hearing the testimony, finds that ... the law intends for the will of the testator, whenever possible, to be followed. Other than one word, I think there would be no problem with this will. The one word is ... “residential.” Having listened to and having looked at the inconsistencies throughout the will, if you say inconsistencies about someone from the actual words taking someone’s intent, and then seeing what this word “residential” would do to that intent, it does not make sense to this court ...
The testimony of the person who put the will together from a legal point of view is that this was the wrong word, it was a mistake, it’s a typographical error, but, unfortunately, it’s the type of typographical error that makes another word. If it would make a nonsense word, it would be obvious to all apparent. But since it does not make a nonsense word, it makes another word that could have, possibly have, other meanings, the only other meaning would be that then it would have to throw a portion of his estate into an intestate estate. So it would mean that the residual of his estate would be intestate, not testate.
And it’s obvious that Dr. Gallo wanted to have a will, wanted to be testate. So I find that it is a typographical error, and I will declare the declaratory judgment in favor of Mrs. Mary Lydia Fa-bacher Gallo, and that she’s the residual legatee of the will.
The trial court’s interpretation of the disputed language in the will in light of the other provisions in the will, and its finding that Dr. Gallo did not intend for any portion of his estate to fall into intestacy, is in accord with Leases such as Succession of Fertel,[4] in which the Louisiana Supreme Court noted:
If obscured by conflicting expressions, it seeks the intention in a purpose, consistent and rational, rather than the reverse; and, of two interpretations, it selects that which saves from total intestacy. The testator’s intention is his will. This is the first rule of interpretation, to which all others are reduced. The intention must be enforced as far as it can be done legally. Succession of Blacke- *1140 more[Blakemore], 43 La.Ann. 845, 9 So. 496.
In the present case, a finding that the term was not ambiguous would not result in the total intestacy of Dr. Gallo’s estate, however, it would, in our opinion, defeat an apparent intention by Dr. Gallo that Appellants only receive the forced potion of his estate.
As previously stated, our own review of Louisiana jurisprudence has not produced a single reference to the term “movable residential property.” Additionally it does not appear that Dr. Gallo’s estate contained the type of property that would fit Cynthia Gallo Hull and Louis Anthony Gallo Jr.’s own definition of “movable residential property.” Accordingly, after our review of the will, we agree with the trial court’s ruling that the term is ambiguous as written, and required parole evidence to determine Dr Gallo’s intent.
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.

. The portion of the hearing in which Joseph Bertrand testified was not transcribed for the record.

. 608 So.2d 973, 975 (La.1992).

. Estate of Doucet, 94-61, 94-62 (La.App. 3 Cir. 10/5/94), 643 So.2d 882, 884.

. 208 La. 614, 23 So.2d 234, (1945).