# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 16-527

**IN RE:  MARSHALL LEGACY FOUNDATION**

**\*\*\*\*\*\*\*\*\*\***

## ON APPLICATION FOR SUPERVISORY WRITS OF REVIEW
## FROM THE FOURTEENTH JUDICIAL DISTRICT COURT
## PARISH OF CALCASIEU, NO. 15-3683
## HONORABLE RONLAD F. WARE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## ELIZABETH A. PICKETT
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of   John D. Saunders, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

**WRIT DENIED.**

Todd Clemons
Todd Clemons & Associates, APLC
1740 Ryan Street
Lake Charles, Louisiana  70601
Counsel for Relators:
     Dr. Stephen D. Cook and Samantha Salkeld

Wilford D. Carter
Wilford Carter Law, LLC
1025 Mill Street
Lake Charles, Louisiana  70601
(337) 564-6990
Counsel for Respondent:
     Preston L. Marshall as Co-Trustee of the Marshall Legacy Foundation

Hunter Lundy
Rudie R. Soileau, Jr.
T. Houston Middleton IV
Daniel A. Kramer
Lundy, Lundy, Soileau & South, LLP
501 Broad Street
Lake Charles, Louisiana  70601
(337) 439-0707
Counsel for Respondent:
     Preston L. Marshall as Co-Trustee of the Marshall Legacy Foundation

**PICKETT, Judge.**

Relators, Dr. Stephen D. Cook (Dr. Cook) and his wife, Samantha Salkeld (Salkeld), seek supervisory writs from a ruling rendered by the Fourteenth Judicial District Court, Parish of Calcasieu, the Honorable Ronald F. Ware, presiding. The ruling at issue followed a remand of the matter by the Louisiana Supreme Court in *In Re: Marshall Legacy Foundation*, 16-215 (La. 2/12/16), 186 So.3d 1171. For a second time, the trial court ordered Dr. Cook and Salkeld to produce their personal tax returns as subpoenaed. The proceedings below were stayed pending the resolution of this matter by this court. For the following reasons, we deny the writ application.

### FACTUAL AND PROCEDURAL BACKGROUND

This matter, as well as related litigation, has been before this court on multiple occasions. *In Re: Marshall Legacy Foundation*, 16-747 (La.App. 3 Cir. ___/___/17), ___ So.3d ___.

This matter arises out of a dispute over the control of the Marshall Legacy Foundation (MLF), which was created on December 23, 2013, when the Fourteenth Judicial District Court granted Elaine Marshall's (Elaine) request to divide the Marshall Heritage Foundation (MHF-Old) into two foundations: the Marshall Heritage Foundation (MHF-New) and the MLF. The MLF was to be governed by co-trustees, Elaine, Dr. Stephen Cook (Dr. Cook), and Preston Marshall (Preston). Preston disagrees with Elaine's assertion that the MLF was "created" and instead argues that the old foundation was divided equally into two new foundations. The distinction is important because if there is nothing "created," "the existing articles of the foundation would carry over to the new foundations." The existing articles contained an "anti-amendment provision" which prohibited the amendment of the provisions contained in articles V, IX, and

X. Article V contained a provision that limited Dr. Cook's tenure as a trustee to a single year. The new articles, which were not executed by the co-trustees until February, 2014, completely rewrote Article V and deleted the provision limiting Dr. Cook's tenure.

In the course of this litigation in connection with his claim that Dr. Cook engaged in self-dealing, Preston subpoenaed Dr. Cook's and Salkeld's personal tax returns and tax records from 2000-2014; tax returns for the Fellowship of Orthopedic Researchers (the Fellowship); all tax returns, articles of organization, and member ownership records of Moirai Orthopedics, LLC (Moirai), Moirai Orthopedics II, LLC (Moirai II), Gomboc, and Kuli Orthopedics since 2006; all lease agreements between the Fellowship and the Joe W. and Dorothy Dorsett Brown Foundation; any and all research agreements between Dr. Cook or Salkeld and the Fellowship; and any and all research support agreements between the Fellowship and Dr. Cook, Salkeld, MHF-Old, or MLF; and any and all corporate records relating to the Fellowship; copies of any and all proposals by the Fellowship to MHF-Old or MLF and any other foundation or trust which Dr. Cook and any member of the Marshall family served as a trustee; and copies of any and all trust administration records relating to MLF.

Dr. Cook and Salkeld filed a motion to quash and for a protective order. The matters came for hearing on November 17, 2015, along with several other motions filed by other parties, and the court rendered its ruling in open court. A judgment was signed on December 14, 2015, denying the motion to quash filed by Dr. Cook and Salkeld and ordering them to produce the requested documents but stayed production thereof pending the disposition of their writ application to this court and entered a protective order as to the tax returns.

Dr. Cook and Salkeld timely filed a notice of intent to apply for supervisory writs. With respect to that writ application, this court issued a ruling on January 25, 2016, denying it and finding no abuse of discretion in the trial court's ruling. *See In Re: Marshall Legacy Foundation*, 15-1206 (La.App. 3 Cir. 11/25/15), an unpublished writ decision.

On February 12, 2016, the Louisiana Supreme Court granted Relators' writ application and vacated the trial court's order requiring the production of their personal income tax returns. *In Re: Marshall Legacy Foundation*, 16-215 (La. 2/12/16), 186 So.3d 1171. Citing *Stolzle*, 819 So.2d 287, the court remanded the matter to the trial court "to make a finding of whether the party requesting these tax returns has demonstrated good cause for their production and whether the information sought could be discovered in a less intrusive manner." *In Re: Marshall Legacy Foundation*, 186 So.3d 1171.

Following the remand, a hearing was held on March 31, 2016.[1] Daphne Berken, a certified public accountant, testified on Preston's behalf. Following the presentation of the evidence, the trial court stated: "I find that the need has been demonstrated and that the tax returns are . . . the best and most reliable source of income and other benefits. And I don't see a less intrusive means of obtaining that information. . . . I'm going to order the production of the tax returns."

On June 21, 2016, a written judgment in accordance with trial court's oral ruling was signed,[2] and this writ application followed. Relators assert the following assignments of error:

1.  The trial court erred by granting Preston Marshall a new evidentiary hearing and allowing Daphne Burken [sic] to testify

---

[1] Dr. Cook and Salkeld objected to the holding of a new hearing and to the introduction of additional evidence.

[2] This ruling did not include a protective order. However, in the prior ruling from the trial court, signed on December 14, 2015, the trial court granted the motion for protective order.

3

during the hearing where not [sic] notice of her testimony was not [sic] provided as required by the Uniform Rules for District Courts and a motion in limine to exclude her testimony was pending.

2. The trial court abused its discretion by ordering Dr. Cook and Ms. Salkeld to produce their personal tax returns dating back to 2000.

## DISCUSSION

### *Hearing on Remand*

Relators argue that since the remand order from the Louisiana Supreme Court states that "[t]he case is remanded to the district court to make a finding of whether the party . . . **has demonstrated** good cause . . . and whether the information sought could be discovered in a less intrusive manner[,]" that the introduction of new evidence is prohibited. *In Re: Marshall Legacy Foundation*, 186 So.3d 1171. Relators interpret the remand order to mean that the trial court's decision must be made on evidence already in the record. They unsuccessfully argued to the trial court that the Louisiana Supreme Court's remand did not allow "another bite at the apple" and was not a remand for a "hearing" but only for "a determination as to whether they've already made that showing." Relators cited no cases in support of this argument.

"When the Supreme Court remands a cause on a single point, it remands it also for an enquiry into all the questions which grow out of the decision on that point." *Boatner v. Ventirss' Heirs*, 2 La. 172, 174 (La.1831). In *Fleniken v. Great American Indem. Co.*, 142 F.2d 938, 938 (5th Cir. 1944), *cert. denied*, 323 U.S. 774, 65 S.Ct 134, the court noted that "further proceedings in the trial court on remand are controlled by the mandate[,] and the court may take no action inconsistent with the directions thereof as elucidated by the opinion."

However, this circuit, in *Boyd v. Farmers-Merchants Bank & Trust Co.*, 493 So.2d 866, 868 (La.App. 3 Cir.), *writ denied*, 496 So.2d 1047 (La.1986), found that

4

the trial court erred in considering the issue of the plaintiff's damages on remand when "[t]he limited scope of the proceedings on remand was to order a new public sale; . . . not for the purpose of proving damages[,]" evidence of which this circuit concluded "should have been presented at the original trial."

Dr. Cook's deposition was taken on November 17, 2015, such that it could not have been introduced at the original hearing and could not have been reviewed by Berken. In this instance, key depositions were taken after the initial hearing and before the remand. Preston interprets the language used in the remand order to mean that "the demonstration should or could be made upon remand, not only in the past during the previous hearing."

When the trial court considered the issue, it stated:

> the case is fluid and I need to . . . take into consideration all of the relevant factors and circumstances as it [sic] exists as of today, and I don't think that the [] Supreme Court[] has indicated that I cannot . . . have a hearing. . . . I felt that [] Preston Marshall has [sic] already demonstrated good cause for the protection [sic][,] and the order then goes on to say, and determine . . . whether the information sought could be discovered in the least intrusive manner. So I need to hear evidence on that point as well. They vacated by [sic] finding that the demonstration has been shown, so I guess we're going to just, in essence, start over and require Preston to show again, if he can, whether or not the need for [] this information exists and, again, should a showing be made, how does Preston get this information.

This court finds that *Boyd*, 493 So.2d 866, is distinguishable from the case *sub judice* because that remand occurred after a full trial on the merits and the issuance of a final judgment. We find that there is nothing in the instant remand order that would warrant such a narrow construction as that suggested by Relators. There is no language in the remand order to suggest that the trial court's new finding had to be based only on evidence already submitted. As the trial court recognized, an interlocutory judgment is what is at issue. An interlocutory judgment is "subject to change or revision at any time prior to final judgment on

5

the matter." *Kilber v. PNK (Lake Charles), LLC*, 16-173, p. 6 (La.App. 3 Cir. 9/28/16), 201 So.2d 943, 947. Moreover, "an appellate court may remand a matter to the trial court to permit that court to take additional evidence where necessary to reach a just decision and prevent a miscarriage of justice." *Whitney Bank v. NOGG, LLC*, 15-1399, p. 8 (La.App. 1 Cir. 6/3/16), 194 So.3d 819, 825, *citing* La.Code Civ.P. art. 2164.

In the interests of justice and judicial economy, this court finds no abuse of discretion in the trial court's allowing the introduction of additional evidence. As such, Relators' writ application is denied insofar as it alleges that the trial court erred in allowing the introduction of additional evidence at the hearing on the remand.

## Testimony of Daphne Berken, CPA

"[A] trial court has broad discretion in ruling on pre-trial discovery matters[,] and an appellate court should not upset such a ruling absent an abuse of that discretion." *In Re Succession of Holzenthal*, 12-211, p. 8 (La.App. 4 Cir. 9/26/12), 101 So.3d 81, 87.

Berken is Preston's expert in the fields of certified public accounting, certified trust auditing, certified fraud examining, and certified financial forensics. She was identified as a witness in the proceedings, and Relators took her deposition. Relators assert that Preston did not give notice that Berken was going to testify at the hearing on remand. Relators further assert that Elaine's motion to exclude Berken's testimony from all hearings should have been decided before Berken was allowed to testify at the hearing under consideration *sub judice*. Elaine, however, was not a party to the hearing on remand, and Dr. Cook and Salkeld did not adopt that motion.

6

Rule 9.8 of the Louisiana District Court Rules states that "the exception or motion, and any opposition thereto, shall state: . . . (2) whether testimony will be offered at the hearing." Preston argues that he did give such notice in his reply to Dr. Cook and Salkeld's opposition to Preston's motion for an evidentiary hearing. Preston's reply stated that Dr. Cook's deposition was taken and that an opinion from Berken was obtained since the first hearing such that he would "be prejudiced if he [was] not allowed the opportunity to offer this evidence into the record." That memorandum was filed on or about March 3, 2016, some eighteen days prior to the hearing.

Berken testified regarding what evidence she needed to review to make certain determinations regarding the reasonableness of compensation paid to Dr. Cook. This testimony was not a surprise to Dr. Cook and Salkeld. Dr. Cook and Salkeld were well aware of Berken's existence and of what opinions she was being requested to make.[3] Accordingly, this court finds that the trial court did not abuse its discretion in allowing Berken to testify. Thus, Relators' writ application is denied insofar as it alleges that the trial court erred in allowing Berken to testify at the hearing on the remand.

*Abuse of Discretion*

"The discovery statutes are to be liberally and broadly construed to achieve its intended objectives." *Hodges v. Southern Farm Bureau Cas. Ins. Co.*, 433 So.2d 125, 129 (La.1983). *Hodges*, 433 So.2d at 129, set fourth those objectives as follows:

> (1) to afford all parties a fair opportunity to obtain facts pertinent to the litigation, (2) to discover the true facts and compel disclosure of

---

[3] In *In Re Succession of Benoit*, 14-546 (La.App. 5 Cir. 11/25/14), 165 So.3d 1017, the court found that a party was not prejudiced where she had only seven-working-days' notice to prepare to oppose a motion for summary judgment. She claimed this was a violation of Rule 9.8 of the Louisiana District Court Rules, but the fifth circuit found that procedural argument to be without merit.

7

these facts wherever they may be found, (3) to assist litigants in preparing their cases for trial, (4) to narrow and clarify the basic issues between the parties, and (5) to facilitate and expedite the legal process by encouraging settlement or abandonment of less than meritorious claims.

In *Bianchi v. Pattison Pontiac Co.*, 258 So.2d 388, 390 (La.App. 4 Cir. 1972), the court stated: "this court cannot overemphasize the fact that the party seeking the income tax return must clearly establish good cause for its production by showing the unavailability of the information from other sources and, further, by relating its need to the issues in dispute."

Preston has continuously argued that the tax returns were the only way that he could "show that Cook's compensation was unreasonable, constituting self-dealing," because the tax returns would show the amount of compensation as well as the sources of compensation. It is not feasible to require Preston to ask for particular bank statements and checks. Those would not present all sources of income, and Preston has no information from which to determine what checks or bank statements would be relevant. Thus, this court finds that there is no less intrusive means of obtaining the information that will be gathered from the tax returns.

With regard to Salkeld's tax returns, Preston asserts that "[h]er position on the Fellowship of Orthopaedic [sic] Researchers, Inc.'s Board of Directors while Cook acts as a co-trustee of MLF presents a troubling conflict of interest that is relevant to Cook's alleged self-dealing." We find that Preston has shown good cause for the production of Salkeld's tax returns because she is a compensated director of the Fellowship of Orthopedic Researchers, Inc. and because under community property laws, Cook benefits from payments to Salkeld.

Berken testified that "the only level that information can be found is at the individual level because . . . it's the individual that would have the nonemployee

compensation that would be coming from various sources that may or . . . may not be related to the entity that we're speaking about." The trial court interpreted Berken's testimony to be that she needed to see the tax returns in order to form an opinion as to whether the compensation was reasonable and that the tax returns were the most reliable source to obtain all sources of revenue. The trial court determined that the need had been demonstrated due to the necessity of the information to make a determination as to whether there had been self-dealing.

Dr. Cook and Salkeld urge that it was error for the trial court to order the production of tax returns dating back to 2000 because the MHF-Old was divided into two completely new trusts in 2013. Preston argues that the information contained on tax returns dating back to 2000 would help establish a history of the compensation during that time and give a background frame of reference. Also the court stated that it was not convinced that the Fellowship was formed in 2013. The relationship of Cook to MHF-Old over time is relevant to his alleged self-dealing with respect to MLF because MLF is a successor trust of the MHF-Old.

We find that the trial court did not abuse its discretion in finding "that the need has been demonstrated and that the tax returns are the . . . best and most reliable source of income and other benefits" and that there was not "a less intrusive means of obtaining that information."

**DECREE**

For the foregoing reasons, the trial court's ruling ordering Relators, Dr. Stephen D. Cook and Samantha Salkeld, to produce their personal tax returns as subpoenaed is affirmed, and Relators' writ application is denied as this court finds no abuse of discretion in the trial court's ruling.

**WRIT DENIED.**

9