# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 24-391

**SUCCESSION OF**

**TERRY JOSEPH BREAUX**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. P 20220666
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**SHANNON J. GREMILLION**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, Candyce G. Perret, and Gary J. Ortego, Judges.

**REVERSED AND REMANDED.**

**Gabe A. Duhon**
**J. Isaac Funderburk**
**Gabe A. Duhon, L.L.C.**
**P. O. Box 478**
**105 Tivoli Street**
**Abbeville, LA 70511**
**(337) 893-3423**
**COUNSEL FOR APPELLANT:**
     **Sherry Louise Breaux Smith**


**Chris Villemarette**
**Chris Villemarette, L.L.C.**
**3404 Moss Street**
**Lafayette, LA 70507**
**(337) 232-3100**
**COUNSEL FOR APPELLEE:**
     **Kaye Anne Robicheaux Breaux, widow of decedent**

**GREMILLION, Judge.**

Sherry Louise Breaux Smith appeals the judgment of the trial court that recognized her stepmother, Kaye Anne Robichaux Breaux, as the sole legatee of the testament executed by her father, Terry Joseph Breaux. For the reasons that follow, we reverse the judgment of the trial court and remand the matter.

## FACTS AND PROCEDURAL POSTURE

Terry's will is reproduced in extenso (save the signature on each page):

**STATE OF LOUISIANA        PARISH OF LAFAYETTE**

**LAST WILL AND TESTAMENT**
**OF**

**TERRY JOSEPH BREAUX**

I, TERRY JOSEPH BREAUX, domiciled in Lafayette, Lafayette Parish, Louisiana, being of full age and of sound and disposing mind, do hereby declare this to be my Last Will and Testament. I revoke all of my prior wills and codicils.

I.

1.1    I am currently married to Kaye Anne Robichaux Breaux. I have three (3) children namely, Jolene Marie Breaux Comeaux, Terry L. Breaux and Sherry Louise Breaux Smith. No other children have been born to me, I have never adopted anyone, and I have never been adopted by anyone.

II.

My "property" means the property subject to this Will of which I die possessed, of whatever nature or kind, wherever located and however acquired; whether now owned by me be hereafter acquired.

III.

I direct my Executrix to pay all of the expenses of my last illness, my funeral and burial expenses and those of the administration of my estate.

IV.

I direct my Executrix to pay all inheritance, transfer, estate and similar taxes (including interest and penalties) assessed or payable by

reason of my death on any property or interest in property which is included in my estate for the purpose of computing taxes.

V.

I hereby make the following special bequest:

1. Kaye Anne Robichaux Breaux: I leave, give; devise, and bequeath all of the contents of the family home and shed.

2. Kaye Anne Robichaux Breaux: I leave, give, devise, and bequeath one automobile of her choosing.

VI.

It is my express desire to declare that I specifically have not included Sherry Louise Breaux Smith from inheriting any of the contents of the family home and shed. This is not to say that I am not thinking about her, but I feel that she shall receive other items of my estate to which I feel she should inherit.

VII.

I give and bequeath all of the rest, residue; and remainder of all of my property of which I die possessed of whatever nature or kind, wherever located and however acquired to my wife, Kaye Anne Robichaux Breaux.

VIII.

In the event that any of my children are entitled to a forced portion of my estate, then, in that event, I leave to said child the legitime to which they are entitled, subject to a usufruct in favor of my wife which I confirm for life.

IX.

I further direct that in the event my wife survives me that, other than the provisions in Sections V–VII and the usufruct stated in Section VIII above, all other items belonging to me be sold by my Executor and the proceeds be distributed in equal undivided shares unto Sherry Louise Breaux Smith.

X.

In the event that my wife predeceases me, or dies within sixty (60) days of my death, I give, bequeath and devise all of the rest, residue and remainder of the property of which I die possessed, per stirpes, in equal, undivided proportions as follows:

2

1. Sherry Louise Breaux Smith:       1/2 interest,
2. Kasey Noel Bellard Fortier:       1/4 interest; and
3. Chad Everette Noel:       1/4 interest.

### XI.

I hereby declare that I have purposefully left no part of my estate to Brian Comeaux, Jolene Marie Breaux Comeaux, Brett Lejeune, Blaine Lejeune, Blake Lejeune, Terry L. Breaux, Landon Breaux, and Isabella Breaux.

### XII.

I name and appoint my wife, KAYE ANNE ROBICHAUX BREAUX; as Executrix, with full seizin and without bond. Should KAYE ANNE ROBICHAUX BREAUX predecease me, refuse to serve, or become incapable of serving, I designate SHERRY SMITH, my daughter, as alternate Executrix of my estate, with full seizin and without the necessity of furnishing bond.

### XIII.

Should any of the provisions or clauses of this testament be declared invalid, or should the court determine that any provisions or terms or clauses of this will are prohibited by law and/or amount to a prohibited substitution or violate the rule of perpetuity, then, that provision, term or clause shall be considered deleted, but the remainder of this testament shall nonetheless remain in full force and effect.

**STATE OF LOUISIANA**

**PARISH OF LAFAYETTE**

The Testator has signed this Will at the end and on each separate page, and has declared or signified in our presence that it is his Last Will and Testament, and in the presence of the Testator and each other we have hereunto subscribed our names on this <u>2nd</u> day of <u>August</u> 2017.

According to the Affidavit Establishing Jurisdiction and Heirship, Terry died on July 18, 2022. The affidavit also establishes that Terry was married twice and that three children were born of his first marriage, all over the age of twenty-four.

Kaye filed the petition for probate on August 17, 2022. She was appointed executrix of the estate. She filed a petition for possession on September 30, 2022. Sherry answered the petition for possession on October 24, 2022.

On January 31, 2023, Kaye filed a motion for summary judgment. This motion asserted that Kaye was the universal legatee of Terry's will, and she accepted those legacies. The motion asserted that Terry's will is consistent and that Kaye is entitled to Terry's estate in its entirety. Her motion was supported by her own affidavit setting forth the pertinent facts of Terry's death, his familial background, that she is the universal legatee of Terry's will, and that no changes were made to Terry's August 2, 2017 will. Kaye attached the deposition of Sherry, in which Sherry maintained vociferously that Terry consistently told her she would inherit half his estate. Sherry opposed the motion with the affidavit of her brother, Terry, who asserted that his father had said everything was to be left to Sherry, who was to share equally with him.

The trial court denied Kaye's motion. Thereafter, Kaye filed a petition for declaratory judgment to dispense Terry's estate in accordance with the will.

At trial, Kaye offered no testimony and introduced the court's record in its entirety into evidence. Sherry offered the testimony of Evan Edwards, the attorney who drafted Terry's will as well as Kaye's. She also offered a series of emails concerning the provisions of the will. Kaye's attorney objected on the grounds that the attorney's testimony would invade the attorney-client privilege, that parole evidence was only admissible to prove fraud, and that the emails were not between Terry and Mr. Edwards but were from Kaye and thus had no probative value, i.e., irrelevant. Sherry then proffered the emails.

The trial court then ruled that Kaye was entitled to Terry's entire estate. This appeal followed.

## ANALYSIS

Louisiana Civil Code Articles 1611–1616 set forth the rules for interpreting legacies. Article 1611 states:

4

A. The intent of the testator controls the interpretation of his testament. If the language of the testament is clear, its letter is not to be disregarded under the pretext of pursuing its spirit. The following rules for interpretation apply only when the testator's intent cannot be ascertained from the language of the testament. In applying these rules, the court may be aided by any competent evidence.

B. When a testament uses a term the legal effect of which has been changed after the date of execution of the testament, the court may consider the law in effect at the time the testament was executed to ascertain the testator's intent in the interpretation of a legacy or other testamentary provision.

The Code immediately follows this with the admonition, "A disposition should be interpreted in a sense in which it can have effect, rather than in one in which it can have none." La.Civ.Code art. 1612. "If the identification of an object given is unclear or erroneous, the disposition is nonetheless effective if it can be ascertained what object the testator intended to give. If it cannot be ascertained whether a greater or lesser quantity was intended, it must be decided for the lesser." La.Civ.Code art. 1613. "Absent a clear expression of a contrary intention, testamentary dispositions shall be interpreted to refer to the property that the testator owns at his death." La.Civ.Code art. 1614. "When a testament contains contradictory provisions, the one written last prevails. Nonetheless, when the testament contains a legacy of a collection or a group of objects and also a legacy of some or all of the same objects, the legacy of some or all of the objects prevails." La.Civ.Code art. 1615. Lastly, "A legacy to a creditor is not applied toward satisfaction of the debt unless the testator clearly so indicates." La.Civ.Code art. 1616.

Modern jurisprudence has long imperatively demanded that the intent of a testator must be extracted from his language however obscure, if it be possible, and that effect must be given to that intent unless the law reprobates it, and therefore apparently conflicting clauses must be harmonized or if they cannot be, one must prevail over another. Words are accordingly construed in their common acceptation rather than by their technical meaning. *Succ. of Burnside*, 35 Ann. 708.

> There was a time when the courts, saturated with a blind subservience to forms and dominated by a haughty determination to make men speak in the language of legal formulas, would not tolerate the use of any other than those formulas. The common-law lawyers with their vigorous notions of the sacramentality of certain words would sacrifice an estate to save a definition, but the common sense of the profession and the liberal spirit that animates it revolted from this bondage and an emancipation from the slavery of technical construction began.

*Succession of Theurer*, 38 La.Ann. 510, 514 (1886).

Whether a testament or legacy is ambiguous represents a legal question that this court reviews de novo. *Succession of Foster*, 19-209 (La.App. 4 Cir. 7/31/19), 363 So.3d 505, *writ denied*, 19-1401 (La. 11/5/19), 281 So.3d 672. Sherry asserts that the language of paragraphs VII and IX render the testament ambiguous. Kaye, on the other hand, asserts that these paragraphs do not express mutually exclusive legacies and create no ambiguity.

Paragraph VII bequeaths Kaye the entirety of Terry's estate, which renders the terms of paragraph V superfluous. Paragraph IX provides that in the event Kaye survived Terry, subject the provisions in Sections V–VII and the usufruct stated in Section VIII, all other items belonging to Terry were to be sold by the executrix "and the proceeds be distributed in equal undivided shares unto Sherry Louise Breaux Smith." This raises two conundrums: With whom was Sherry to share an equal, undivided portion? And of what was she to share this equal, undivided portion? No other legatee is named in paragraph IX, and paragraph VII, taken in isolation, disposed of the entirety of Terry's estate, so there is theoretically nothing left in Terry's estate to sell.

On the other hand, Terry only provided for a usufruct in favor of Kaye in the event one or more of his children were forced heirs. Terry declared that usufruct to be for Kaye's life. Had Terry intended to bequeath his estate to Sherry, it seems odd

6

that he would not confer any usufruct whatsoever to Kaye over any portion of the estate.

This court finds that the provisions of Terry's testament present irreconcilable legacies and provisions that prevent discerning Terry's intent from within its four corners. When the testator's intent cannot be discerned from within its four corners, extrinsic evidence may be introduced. *Estate of Doucet*, 94-61, 94-62 (La.App. 3 Cir. 10/5/94), 643 So.2d 882. "[W]hen a provision standing alone is not clear, a court must take into consideration the entire context of the will." *Id*. at 884.

The trial court excluded the emails for three reasons, none of which were correct. Extrinsic evidence is admissible to prove the testator's intent when a will is ambiguous, as already noted. Pursuant to La.Code Evid. art. 506(C)(2), "There is no privilege under this Article as to a communication . . . Which was with a client now deceased relevant to an issue between parties who claim through that client, regardless of whether the claims are by testate or intestate succession or by transaction inter vivos." Therefore, as to his communications with Terry, nothing prevented Mr. Edwards from testifying about the will, and nothing prevented the introduction of the emails. Each of the emails purport to be between Mr. Edwards' assistant, Susan David, and "Kaye and Terry." The emails demonstrate that Terry and Kaye were each seeking Mr. Edwards' assistance to draft their wills; thus, because they are communications between Terry and Mr. Edwards' assistant and because Sherry is claiming entitlement to Terry's estate through testate succession, neither the emails nor Mr. Edwards' testimony are privileged. And because the emails are between Terry and Ms. David, they are relevant to the issue of his intent.

Louisiana Code of Civil Procedure Article 2164 provides in pertinent part, "The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal." This court may remand a case to the trial court for the purpose

7

of taking additional evidence when needed to reach a just decision and prevent a miscarriage of justice. *In re Marshall Legacy Foundation*, 16-527 (La.App. 3 Cir. 2/15/17), 212 So.3d 656, *writ denied*, 17-479 (La. 5/12/17), 219 So.3d 1104. We find the record insufficient to justify a ruling from this court. In order to prevent a miscarriage of justice, we reverse the judgment of the trial court and remand the matter for proceedings intended to clarify Terry's donative intent based upon the contents of his will and extrinsic evidence relevant to clarifying the terms of the will.

All costs of this appeal are taxed to appellee, Kaye Anne Robichaux Breaux.

**REVERSED AND REMANDED.**